Shab D. Kerendian, Esq., State Bar No. 183057
Shab@kalawcorp.com
Edrin Shamtob, Esq., State Bar No. 301562
Edrin@kalawcorp.com
**KERENDIAN & ASSOCIATES, INC.**
11755 Wilshire Blvd., 15th Floor
Los Angeles, California 90025
Phone: (310) 914-4143
Fax: (310) 914-5441

Counsel for Plaintiff, STEPHEN MATTEO

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

STEPHEN MATTEO, an individual,

Plaintiff,

vs.

CHASE METALS SERVICE CORPORATION, a Delaware corporation; METALS.COM, an unknown entity; DAVID H. WOLAN, an individual; LUKE MCCAIN, an individual; JONATHAN SACHS, an individual; AND DOES 1 THROUGH 50, INCLUSIVE,

Defendants.

Case No.

COMPLAINT FOR:

1. **BREACH OF CONTRACT;**
2. **FRAUD;**
3. **NEGLIGENT MISREPRESENTATION;**
4. **FRAUD IN THE INDUCEMENT;**
5. **FINANCIAL AND ELDER ABUSE [Welf. & Inst. C. §§ 15610.30, and 15657.5];**
6. **CONVERSION;**
7. **COMMON COUNTS;**
8. **UNFAIR AND DECEPTIVE BUSINESS PRACTICES – CAL. B&P 17200, ET SEQ.;**
9. **VIOLATION OF PENAL CODE §496(c);**
10. **CIVIL CONSPIRACY;**
11. **RESCISSION BASED ON UNILATERAL MISTAKE;**
12. **RESCISSION BASED ON MUTUAL MISTAKE;**
13. **RESCISSION BASED ON FRAUD;**
14. **RESCISSION BASED ON NEGLIGENT;**
15. **RESCISSION BASED ON LACK OF CONSIDERATION;**
16. **RESCISSION BASED ON ELDER ABUSE;**

17. **CANCELLATION OF INSTRUMENTS (CIVIL CODE § 3412)**
18. **RESCISSION BASED ON UNCONSCIONABILITY**
19. **REQUEST FOR UNJUST ENRICHMENT.**

**DEMAND FOR A JURY TRIAL**

Plaintiff, Stephen Matteo ("Plaintiff"), alleges as follows:

## JURISDICTION AND VENUE

1. This court has original jurisdiction under 28 U.S.C. § 1332(a)(1), in that it is a civil action between a citizen of California and an individual residing in the State of Hawaii. A corporation is considered a citizen in the state of its principal place of business for purposes of jurisdiction under 28 U.S.C. § 1332(a)(1). *28 U.S.C. § 1332(c)(1)*. Plaintiff, Stephen Matteo, an individual, is a citizen of Hawaii. Defendant Chase Metals Service Corporation ("Chase") is a Delaware corporation with offices in Beverly Hills, California and has conducted business with Plaintiff from Beverly Hills, California; Metals.Com is an unknown entity but is believed to be the name used by Chase and its owners in operating their business. It also does business from Beverly Hills, California with a number of subsidiaries and/or divisions located in states of New York and Wyoming. The amount in controversy, without interest and costs, exceeds seventy-five thousand dollars ($75,000.00), the sum or value specified by 28 U.S.C. §1332.

2. Venue is proper in the Central District of California because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

1. Plaintiff is an individual residing in Kapaa, Hawaii.

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

2. Plaintiff is informed, believes, and thereon alleges that Defendant Metals.Com is, and at all relevant times mentioned herein was, an unknown organization with its principal place of business in New York, New York, Casper, WY. and the City of Beverly Hills, County of Los Angeles, State of California.

3. Plaintiff is informed, believes, and thereon alleges that Defendant David H. Wolan ("Wolan") is and at all relevant times mentioned herein was, an individual residing in the County of Los Angeles, State of California. Wolan represented to Plaintiff that he worked for Chase and Metals.com.

4. Plaintiff is informed, believes, and thereon alleges that Defendant Luke McCain ("McCain") is and at all relevant times mentioned herein was, an individual residing in the County of Los Angeles, State of California. McCain represented to Plaintiff that he worked for Chase and Metals.com.

5. Plaintiff is informed, believes, and thereon alleges that Defendant Jonathan Sachs ("Sachs") is and at all relevant times mentioned herein was, an individual residing in the County of Los Angeles, State of California. Sachs represented to Plaintiff that he worked for Chase and Metals.com.

6. The defendant, Chase Metals Service Corporation, is a Delaware corporation with its principal place of business in New York, New York; Casper, WY; and the City of Beverly Hills, County of Los Angeles, State of California. Plaintiff is informed, believes, and thereon alleges that Chase is registered and doing business in California as a company engaging in the trade of precious metals, including coins and Bullions.

7. The true names and capacities, whether individual, corporate or otherwise, of DOES 1 through 50 are presently unknown to Plaintiff, and Plaintiff therefore sues the DOE defendants by such fictitious names. Plaintiff is informed, believes, and thereon alleges that each of defendant DOES 1 through 50, inclusive, has and/or is assisting, aiding, and abetting Defendants in carrying out the activities complained of herein, or otherwise participated in, contributed to, or is legally

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

responsible in some other manner for the events and occurrences hereinafter alleged, and that Plaintiff's damages, as alleged herein, were proximately caused thereby, and that each such fictitiously named defendant is liable to Plaintiff thereon. Plaintiff will seek leave to amend this Complaint to allege the DOES' true names and capacities when Plaintiff ascertains them.

8. Plaintiff is informed and believe and based thereon alleges that each of the Defendants and DOES 1 through 50, inclusive, and each of them (collectively "Defendants") was, and is, the agent, servant or employee of each of the other Defendants and in doing all of the acts and/or omissions hereinafter alleged was acting in the capacity of, and as agent of, the other Defendants, within the course, scope and authority of such agency and employment. The Defendants were the alter ego of one another, and acted in concert, acted in a conspiracy and thus responsible jointly and severally for the conduct of one another.

9. For the purposes of this Complaint, whenever reference is made to "Defendants", such reference shall be read to include all named and fictitiously named defendants, unless otherwise specifically stated to the contrary.

**JURISDICTION**

10. This Court has jurisdiction over this action pursuant to Article VI, Section 10 of the California Constitution and Code of Civil Procedure sections 395, 395.5 and 410.10.

**VENUE**

11. Pursuant to Corporations Code §177, venue in this judicial district is proper because the principal executive offices of Metals.Com and Chase are respectively located in the City of Beverly Hills, County of Los Angeles, State of California and because the damages sustained by Plaintiff was all incurred in the City of Los Angeles, County of Los Angeles, State of California.

**FACTS COMMON TO ALL CAUSES OF ACTION**

12. Plaintiff re-alleges and incorporates by reference all paragraphs above.

13. Plaintiff was born on April 15, 1946. Plaintiff was married to Barbara Jean Matteo who was born on or about January 18, 1949. On or about July 8, 2017, Barbara passed away at the age of 68 years old on the island of Kauai, Hawaii. Plaintiff had about $465,000 as his life savings. With his wife dead, Plaintiff wanted to invest his money for the remainder of his life in a safe investment so that he could utilize the funds to cover his living expenses. At the time of his wife's death, the plaintiff was retired, and he was significantly relying on his life savings and retirement account for the remainder of his life.

14. In or about the middle of 2017, Plaintiff heard Defendants' advertisement during a radio show. Plaintiff called and explained his situation to the defendants as stated above. Specifically, Plaintiff spoke with David Wolan, Luke McCain and Jonathan Sachs from Metals.com and other representatives of the Defendants during multiple telephone conversations from middle of 2017 through about July of 2018. Plaintiff explained to Wolan and McCain that his wife had recently passed in July of 2017, and that the money he planned to invest was his entire life savings and his retirement money. Plaintiff also explained that he was retired and did not have enough money coming on a monthly basis to be able to support himself and needed to rely on his life savings to make ends meet probably on a monthly basis.

15. During the multiple conversations Plaintiff had with David Wolan, and Luke McCain, Plaintiff was repeatedly ensured that the investment was safe and had no risk. Wolan and McCain both repeatedly represented to Plaintiff that the dollar was losing value and investment in precious metals was a safe investment with no risk, because the dollar was losing value and silver and other precious metals were a safe investment. Plaintiff told Wolan and McCain multiple times and during multiple communications with each one of them that he did not want his retirement funds in the stock market as he could not afford to lose any part of his retirement funds. Wolan and McCain and the DOE Defendants represented and insured the Plaintiff that the investment with the Defendants was safe and his investment will only increase in value as the dollar is going to

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

lose strength causing precious metals to increase in value. Wolan and McCain also represented that Plaintiff was purchasing precious metals from Defendants at fair market value on the day of purchase, that the Plaintiff would be able to sell any part or the whole investment of the precious metals at any time without penalty and at least at the same price as he purchased them, and that the precious metals were going to be kept by a third-party on his behalf.

16. Plaintiff was repeatedly told by the defendants, specially Wolan and McCain, that Plaintiff would be able to sell parts or all of the precious metals he was purchasing at any time for at least the same price as he paid for them. Thus Plaintiff understood that he would have access to his funds if he needed money.

17. In justifiable reliance on the many representations during the many discussions the Plaintiff had with the Defendants, specially Wolan and McCain, Plaintiff agreed to purchase precious metals from Defendants as represented. On or about August 7, 2017, Plaintiff recalls receiving a one-page document to sign, and the Plaintiff signed the document. The one-page document ("Contract") is provided herein as Exhibit "1" and fully incorporated herein by reference. Plaintiff understood that he was purchasing precious metals from Defendants at fair market value, that the Plaintiff was able to sell any part or the whole investment of the precious metals at any time without penalty and at least at the same price as he purchased them, and that the precious metals were going to be kept by a third-party on his behalf.

18. As part of the inducement of Plaintiff to enter into the Contract, the Defendants told Plaintiff that Plaintiff could sell the coins back to Defendants for the price the Plaintiff paid for it without any penalty.

19. Thereafter, in August of 2017, Plaintiff, in justifiable reliance on the representations of the Defendants, purchased thousands of silver coins and other precious metals from Defendants. Plaintiff paid Defendants, based on their invoice dated August 7, 2017, the amount of $367,530. In addition, Plaintiff paid Defendants, based on their invoice dated August 23, 2017, the amount

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

of $94,282.50. Exhibit "2" are the copies of the two invoices generated by the Defendants and paid by the Plaintiff which are fully incorporated herein by reference.

20. In or about October 2017, Plaintiff received a statement from Strata Trust Company which reflected the value of his investment. To his shock and surprise, unlike what he was promised, the value of his investment was already at about $211,868.63. Plaintiff realized that within a matter of days, his investment of approximately $461,812.50 had lost about $250,000 in value. Plaintiff asked David Wolan about his investment and asked for an explanation of why his investment had dropped approximately $250,000 in value. Wolan, McCain, and Sachs informed Plaintiff that the agreement he signed explained his duties and obligations. Over the next few months after signing of the Contract, the Plaintiff was provided with pages subsequent to the one-page he signed. For the first time, Defendants claimed that the Plaintiff signed an agreement that explained different terms than represented. Exhibit "4" is a true and correct copy of the so-called agreement Defendants provided to the Plaintiff after the purchase which is fully incorporated herein by reference.

21. The plaintiff who received Exhibit "4" did not understand any of the verbiages in that document and could not understand what happened to his life savings during his retirement.

22. Wolan, McCain, Sachs and the other Defendants continued to represent to Plaintiff that he needed to be patient. David Wolan, McCain, Sachs and the other Defendants told Plaintiff that the statements from Strata Trust Company did not represent the accurate value of Plaintiff's investment with the Defendants; that the coins in question were minted in Canada specifically for Chase and that they had a higher value than Strata Trust Company was reflecting on the statements. Wolan, McCain, Sachs and the other Defendants continuously told Plaintiff that he needed to wait and not take any action. Plaintiff informed the Defendants of his intention to sell the precious metals and for the Defendants to buy back the coins as they promised him at the same price. Defendant refused to repurchase the coins and instead told Plaintiff that Defendants could not

repurchase the coins for another three to five years; but kept representing to Plaintiff that he has not lost any money as the coins he bought were worth as much as he paid for them.

23. After a few months, Plaintiff continued receiving statements that showed the value of his investment was even further reduced. Plaintiff continued talking to Wolan, McCain, Sachs and the other Defendants on a regular basis and received the same representations. At this time, Plaintiff wished to preserve the portion of his investment that was left and Defendants refused to sell any part of the precious metals they sold to Plaintiff. As a result, he engaged others to sell his investments and he was only able to recover about $158,000 of what Plaintiff invested with the Defendants.

**FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT**

**(Against All Defendants)**

24. Plaintiff re-alleges and incorporates by reference all paragraphs above.

25. From the many discussions the Plaintiff had with the Defendants, specially Wolan and McCain, Plaintiff agreed to purchase precious metals from Defendants as represented. On or about August 7, 2017, Plaintiff recalls receiving a one-page document to sign, and the Plaintiff signed the document. The one-page document ("Contract") is provided herein as Exhibit "1" and fully incorporated herein by reference. Plaintiff understood and the agreement was that he was purchasing precious metals from Defendants at fair market value, that the Plaintiff was able to sell any part or the whole investment of the precious metals at any time without penalty and at least at the same price as he purchased them, and that the precious metals were going to be kept by a third-party on his behalf. Defendants also agreed that Plaintiff could sell the coins back to Defendants for the price the Plaintiff paid for it without any penalty.

26. Thereafter, in August of 2017, Plaintiff purchased thousands of silver coins and other precious metals from Defendants. Plaintiff paid Defendants, based on their invoice dated August 7, 2017, the amount of $367,530. In addition, Plaintiff paid Defendants, based on their invoice dated

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

August 23, 2017, the amount of $94,282.50. Exhibit "2" are the copies of the two invoices generated by the Defendants and paid by the Plaintiff which are fully incorporated herein by reference.

27. Defendants breached all their promises as stated in this Complaint, and therefore breached the contract.

28. Plaintiff has fully performed all his obligations pursuant to the agreement mentioned herein and has performed to the extent not prevented by the Defendants. Plaintiff has made good faith attempts to resolve the dispute, but Defendants refuse to comply with the Contract.

29. As a direct and legal result of the breaches of Defendants, the Plaintiff has suffered and will suffer monetary damages in an amount to be proven at trial, but no less than $500,000.

**SECOND CAUSE OF ACTION FOR FRAUD**

**(Against All Defendants)**

30. Plaintiff re-alleges and incorporates herein by reference all of the allegations set forth in the preceding paragraphs as though fully set forth herein.

31. As a result of the unlawful conduct described above, Defendants concealed or suppressed material facts from Plaintiff. The fraudulent concealment and/or suppression of material facts by Defendants, and each of them, include, but are not limited to, the following:

   a. Plaintiff was repeatedly told by the Wolan, McCain, Sachs and other Defendants that his investment was safe, that precious metals were a safe investment with no risk for Plaintiff.

   b. Wolan, McCain, Sachs and other Defendants represented to the Plaintiff that Plaintiff was purchasing precious metals from Defendants at fair market value on the day of purchase, that the Plaintiff was able to sell any part or the whole investment of the precious metals at any time without penalty and at least for the same price as he purchased them, and that the precious metals were going to be kept by a third-party on his behalf.

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

c. Defendants wrongfully appropriated, took, and used Plaintiff's assets and cash, for their benefit.

d. Defendants caused Plaintiff to pay expenses.

e. Defendants wrongfully distributed Plaintiff's funds and life savings to themselves.

f. Failed to record and/or properly record financial transactions in Defendants books and records.

g. Created a fraudulent contract and added terms to the agreement after the Contract was signed.

h. Wolan, McCain, Sachs and other Defendants misrepresented the terms of the agreement.

i. Plaintiff was repeatedly told and ensured by Wolan, McCain, Sachs and other Defendants that he was able to sell part or all of the precious metals he was purchasing at any time for at least the same price, and that he would be having access to his money.

j. Wolan, McCain, Sachs and other Defendants' misrepresentations were designed to induce Plaintiff to agree to purchase precious metals as represented through the Defendants. But the Defendants did not tell the Plaintiff the truth which was that immediately upon purchase of the precious metals, the Plaintiff would lose about $250,000. Defendants misrepresented their intentions that they intended to just take about $250,000 of the approximately $462,000 they were receiving right off the bat for themselves.

k. Defendants knew that if Plaintiff was told that they are taking $250,000 out of Plaintiff's life savings, that the Plaintiff would have never agreed to invest his lifesaving/retirement funds with the Defendants.

l. The intention of the Defendants was to defraud Plaintiff out of his life savings at his elderly age. Wolan, McCain, Sachs and other Defendants knew that the Plaintiff for elderly, and defauded him as an elder.

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

m. On or about August 7, 2017, Plaintiff recalls receiving a one-page document to sign, and the Plaintiff signed the document.

n. Wolan, McCain, Sachs and other Defendants falsely represented to the Plaintiff that he was purchasing the precious metals at fair market value, that the Plaintiff was able to sell any part or the whole investment of the precious metals at any time without penalty and at least at the same price as he purchased them, and that the precious metals were going to be kept by a third-party on his behalf.

o. Defendants established and conspired to establish a business entity and business practices designed to defraud elderly people out of their retirement savings, and in this case, defrauded Plaintiff in that manner.

p. Wolan, McCain, Sachs and other Defendants wrongfully exercised dominion and control over Plaintiff's assets and funds and intentionally and wrongfully converted, seized, and diverted Plaintiff's funds and assets for the benefit of Defendants and the Conspirators.

q. Defendants misappropriated, converted, embezzled, and stole and conspired to misappropriate, convert, embezzle, and steal Plaintiff's retirement savings with the intention not to ever return the amount.

r. Wolan, McCain, Sachs and other Defendants illicitly marketed, and sold based on misrepresentations and false pretense, the precious metals with the intent to steal and defraud elderly out of their money, and in this case, they defrauded Plaintiff.

s. Defendants performed all of the above actions without the knowledge, consent, or permission of the Plaintiff.

t. Defendants performed all of the above actions without the Plaintiff's full knowledge of the true facts.

u. Wolan, McCain, Sachs and other Defendants conspired to have Plaintiff justifiably rely on the representations, and even after Plaintiff found out that his retirement savings of

about $462,000 was reduced by $250,000 right off the bat; the Defendants, especially Wolan, McCain and Sachs who were acting on behalf of himself and the Defendants, continued misrepresenting facts so that the Plaintiff would not take any action to protect himself after the sale and and continued misrepresenting facts to Plaintiff so that he would not take any action to protect himself.

v. As part of the inducement of Plaintiff to enter into the Contract, Defendants told Plaintiff that Plaintiff could sell the coins back to Defendants for the price Plaintiff paid for them without any penalty.

w. Wolan, McCain, Sachs and the Other Defendants continued to represent to Plaintiff that he needed to be patient and that his investment was not reduced. They continuously told Plaintiff that he needed to wait and not take any action. Plaintiff informed the Defendants of his intention to sell the precious metals and for the Defendants to buy back the coins as they promised him at the same price. Defendant refused to repurchase the coins and instead told Plaintiff that Defendants could not repurchase the coins for another three to five years.

32. Defendants had a duty to disclose the material facts referenced above to the Plaintiff.

33. Defendants intentionally concealed or suppressed the aforementioned material facts and those stated in this complaint with the intent to defraud Plaintiff.

34. Plaintiff was unaware of the material facts referenced above and would not have acted as they did if they had known of the concealed or suppressed facts.

35. In doing the acts alleged herein, Defendants acted with oppression, fraud, and malice as set forth in Civil Code § 3294, and Nominal Defendant Plaintiff is entitled to an award of punitive damages to make an example of and to punish Defendants in addition to damages and other relief requested in this Complaint, not less than $10,000,000.

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

36. Plaintiff has also suffered compensatory damages due to the fraud of the Defendants for an amount to be proven at the time of trial but not less than $2,000,000.

**THIRD CAUSE OF ACTION FOR NEGLIGENT MISREPRESENTATION**

**(Against All Defendants)**

37. Plaintiff re-alleges and incorporates by reference all paragraphs above.

38. Defendant's false representations as a stated above, but including the representation to Plaintiff that if he sold the coins back to Defendant within one year of purchasing them, Defendant would pay him and there would be no penalty, was made with no reasonable grounds to believe the representation to be true.

39. Plaintiff alternatively alleges that the misrepresentations mentioned above constitute negligent misrepresentation.

40. Plaintiff has suffered damages as a result of said misrepresentation for an amount to be proven at the time of trial, but for not less than $2,000,000.

**FOURTH CAUSE OF ACTION FOR FRAUD IN THE INDUCEMENT**

**(Against All Defendants)**

41. Plaintiff re-alleges and incorporates by reference all paragraphs above.

42. Defendants had a duty to disclose the material facts referenced above to the Plaintiff.

43. Defendants intentionally made the aforementioned material misrepresentations to induce Plaintiff to sign the Contract and other documents relating to the Contract. Defendants knew that the Plaintiff was elderly and did not understand the implication of the documents He Was Signing. The Defendants knew that Plaintiff was relying upon the verbal representations David H. Wolan and the other Defendants for making in agreeing to deposit his money with the Defendants. Defendants, through their misrepresentations as stated above and in this complaint, induced Plaintiff to execute the documents which caused the transfer of Plaintiff's retirement savings to the Defendant. Defendants knew that as soon as the Plaintiff deposited his money with the

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

Defendants, that the Defendants were taking about $250,000 of that money for themselves. However, they concealed this fact in order to induce the Plaintiff to execute documents so that they can steal approximately $250,000 from the Plaintiff.

44. Plaintiff was unaware of the material facts referenced above and would not have acted as they did if they had known of the concealed or suppressed facts.

45. In doing the acts alleged herein, Defendants acted with oppression, fraud, and malice as set forth in Civil Code § 3294, and Nominal Defendant Plaintiff is entitled to an award of punitive damages to make an example of and to punish Defendants in addition to damages and other relief requested in this Complaint, not less than $10,000,000.

46. Plaintiff has also suffered compensatory damages due to the fraud of the Defendants for an amount to be proven at the time of trial but not less than $2,000,000.

**FIFTH CAUSE OF ACTION FOR FINANCIAL AND ELDER ABUSE (Welf. & Inst. C. §§ 15610.30, and 15657.5)**

**(Against All Defendants)**

47. Plaintiff re-alleges and incorporates by reference all paragraphs above.

48. At all times relevant herein, Plaintiff was an elder, who resided in California, as that term is defined in Welf. & Inst. C. § 21366. Plaintiff was born on April 15, 1946. Therefore, Plaintiff attained the age of 65 on April 15, 2011. Plaintiff was 71 years of age at the time he executed the alleged contract.

49. Based on information and belief, Plaintiff alleges that the withdrawal, conversion, and misappropriation of funds by Defendant of the Plaintiff's money, including without limitation, Plaintiff's funds in his accounts were unlawful; and that the actions or failures to act by Defendant, as alleged herein and above, are an unconscionable and despicable fraud upon

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

Plaintiff. Based on information and belief, Plaintiff further alleges that Defendant took advantage of Plaintiff advanced age and health.

50. Based on information and belief, Plaintiff alleges that Defendants intentionally concealed these facts from Plaintiff, Plaintiff to prevent anyone from taking any action to protect the interests of Plaintiff, and in doing so acted in bad faith. For example, Defendants failed to provide all pages of the alleged contract to Plaintiff. The Defendants represented the terms of the agreement to the Plaintiff over the telephone.

51. Around August of 2017, Defendants represented to Plaintiff that Plaintiff's funds were going to be used to purchase precious metals, specifically silver coins or bullions, at market price. Defendants representatives, including Wolan, McCain, and Sachs talked to the Plaintiff multiple times and on a regular basis over the telephone. The contract was designed to defraud the Plaintiff. It was drafted in a manner that the signature of Plaintiff was required on the first page and that the subsequent pages followed the signature. The contract was designed so that Plaintiff would not see the other pages. The other pages were not provided at the time of the execution. However, based on information and belief, Plaintiff alleges that after Defendant took control of Plaintiff's funds, Defendants took a fee of approximately $250,000 without telling the Plaintiff, and by the time the subject precious metals were sold, Plaintiff only recovered $158,000 of his entire funds.

52. Based on information and belief, Plaintiff alleges that Defendants' conduct, as described and alleged herein, constitutes financial abuse as defined in Welf. & Inst. C. § 15610.30.

53. Further, based on information and belief, Plaintiff alleges that Defendants are guilty of recklessness, oppression, fraud, and malice in the commission of the financial abuse of Plaintiff as described and alleged herein and above.

54. Under the Welf. & Inst. C. §15657.5, Defendants are liable for reasonable attorney fees and costs of the Plaintiff. Additionally, under California Civil Code ("CC") § 3294, Plaintiff is entitled to punitive or exemplary damages against Defendant.

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

55. When Plaintiff entered into the Contract with the Defendant, Plaintiff was over Sixty-Five (65) years old and thus was an elder under the California Elder Abuse and Dependent Adult Civil Protection Act.

56. By committing the above acts, Defendant violated the California Elder Abuse and Dependent Adult Civil Protection Act by taking financial advantage of Plaintiff with the intent to defraud and/or commit undue influence against Plaintiff in his vulnerable state.

57. In doing the acts alleged herein, Defendants acted with oppression, fraud, and malice as set forth in Civil Code § 3294. Plaintiff is entitled to an award of punitive damages to make an example of and to punish Defendants in addition to damages and other relief requested in this Complaint for an amount to be proven at the time of trial but not less than $10 million.

58. Plaintiff has suffered compensatory damages as a result of said actions by the Defendants for an amount to be proved at trial, but for no less than $2,000,000.

**SIXTH CAUSE OF ACTION FOR CONVERSION**

**(Against All Defendants)**

59. Plaintiff incorporates herein by reference each and every allegation of the above paragraphs as though set forth fully herein.

60. Based on information and belief, Plaintiff alleges that Defendants are in possession and continue to be in possession of the funds belonging to the Plaintiff. Further, based on information and belief, Plaintiff alleges that Defendants have taken the Plaintiff's money without his knowledge or consent of the true facts.

61. Based on information and belief, Plaintiff alleges that Defendants have failed and refused to return the funds to the Plaintiff after many requests.

62. Despite such misrepresentations, these Defendants have wrongfully, maliciously and with the intent to injure Plaintiff failed and refused to transfer the funds to the Plaintiff. Defendants acted with wrongful intent to injure and oppress Plaintiff. Further, Defendants, with intent to injure and with

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

malice, withheld and failed to deliver the funds to Plaintiff. Defendants' actions and/or omissions towards Plaintiff were oppressive and malicious; thus, Plaintiff is entitled to the assessment of punitive and/or exemplary damages in an amount necessary to punish Defendants to be proven at trial but not less than $10,000,000.

63. As a direct and legal result of the aforementioned actions and/or omissions by Defendants, Plaintiff has been damaged in the amount of funds converted, plus costs of collection and prejudgment interest at the legal rate, but not less than $2,000,000.

**SEVENTH CAUSE OF ACTION FOR COMMON COUNTS**

**(Against All Defendants)**

64. Plaintiff re-alleges and incorporates by reference all paragraphs above.

65. The sums paid by Plaintiff to Defendant as alleged above are money had an received by Defendant.

66. Said amounts were exchanged for the consideration of the coins sold to Plaintiff and the other terms of the Contract.

67. By refusing to re-purchase the coins, Defendants became indebted to Plaintiff for the sums stated above.

68. Defendant has failed to pay Plaintiff said sums.

69. Therefore, Defendants are liable to the Plaintiff for common counts for an amount to be proven at the time of trial, but not less than $500,000.

**EIGHTH CAUSE OF ACTION FOR UNFAIR AND DECEPTIVE BUSINESS PRACTICES CAL. B&P § 17200, ET. SEQ.**

**(Against All Defendants)**

70. Plaintiff re-alleges and incorporates herein by reference all of the allegations set forth in the preceding paragraphs as though fully set forth herein.

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

71. California's Unfair Competition Law, California Business and Professions Code §§ 17200 et seq. (the "UCL") prohibits any "unlawful, unfair or fraudulent business acts or practices" and allows an aggrieved party to seek restitution and relief from the court enjoining such unfair acts and practices.

72. Plaintiff is informed, believes, and thereon alleges, at the relevant times herein alleged, Defendants engaged in unlawful conduct in violation of the UCL by their breaches of fiduciary duties, engagement in self-dealing, fraudulent conduct, civil conspiracy, aiding and abetting, misappropriation of trade secrets and assets, and the additional acts as described above.

73. As a direct and proximate result of their violations of the UCL, Defendants have profited unfairly, been unjustly enriched, reaped benefits of ill-gotten gains, and retained and continued to retain property belonging rightfully to Plaintiff.

74. Plaintiff is entitled to full disgorgement of all profits obtained by Defendants as a result of their unlawful, unfair, and fraudulent acts as alleged herein.

75. Defendants' conduct has caused, and unless enjoined will continue to cause, irreparable injury to, including harm to the public especially the elderly whom, are targeted by the Defendants, for which money cannot compensate. Plaintiff has no adequate remedy at law for these wrongs and injuries. Plaintiff is, therefore, entitled to a preliminary and permanent injunction restraining and enjoining Defendants and their agents, servants, and employees, and all persons acting thereunder, in concert with, or on their behalf, from further acts of unfair competition, including (a) engaging in additional misappropriation to others; (b) engaging in acts which would be harmful to the public, including selling products under the same type of misrepresentations; and (c) any actions which are fraudulent, including continuing to make misrepresentations to prospective customers; and (d) engaging in self-dealing, including usurping opportunities.

76. The actions of Defendants, and each of them, as alleged herein, were performed with full knowledge and in conscious disregard of Plaintiff's rights, and with oppression, fraud, and/or

malice under California Civil Code Section 3294, thus entitling Plaintiff to punitive damages in an amount to be proven at trial but not less than $10,000,000.

**NINTH CAUSE OF ACTION FOR VIOLATION OF PENAL CODE §496(C)**

**(By Plaintiff Against All Defendants)**

77. Plaintiff re-alleges and incorporates herein by reference all of the allegations set forth in the preceding paragraphs as though fully set forth herein.

78. Defendants concealed, withheld and/or aided in the concealment or withholding of property owned by Plaintiff including, without limitation, funds Defendants obtained from Plaintiff.

79. Defendants at all relevant times knew that said items, among other things, belonged to Plaintiff and that Defendants stole or obtained the property in a manner constituting theft or conversion. Defendants knew that the Plaintiff was elderly and in a protected group by laws pertaining to elder abuse as stated above. Defendants further new that the elderly Plaintiff was especially susceptible to due to the fact that his wife had passed just recently and that he was in a fragile mental estate. Defendants acted in a scheme to steal the Plaintiff's property.

80. In doing the acts alleged herein, Defendants acted with oppression, fraud, and malice as set forth in Civil Code § 3294; Plaintiff is entitled to an award of punitive damages to make an example of and to punish Defendants in addition to damages and other relief requested in this Complaint.

81. As a direct and proximate result of defendants' conduct, Plaintiff has sustained and will continue to sustain damages, the exact amount of which is difficult to calculate, and presently unknown, but which will be proven at trial in an amount not to exceed $2,000,000.

**TENTH CAUSE OF ACTION FOR CIVIL CONSPIRACY**

**(By Plaintiff Against All Defendants)**

82. Plaintiff re-alleges and incorporates herein by reference all of the allegations set forth in the preceding paragraphs as though fully set forth herein.

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

83. Plaintiff is informed and believe and thereon alleges that Defendants, and each of them, entered into an agreement under which said defendants, acting in concert, agreed to willfully or knowingly violate state and federal laws, including, but not limited to, misappropriate Plaintiff' assets, misappropriate Plaintiff' trade secrets, attempt to put Plaintiff out of business, usurp Plaintiff' business opportunities, and interfere with Plaintiff' prospective economic advantage.

84. The acts of Defendants, and each of them were in furtherance of a conspiracy to violate a legal duty for their own personal financial gain.

85. Defendants had an independent duty to the Plaintiff not to engage in said conduct, and their conduct involves a conspiracy to violate a legal duty in furtherance of Defendants' financial gain.

86. Defendants at all times did the acts and things herein alleged pursuant to, and in furtherance of, the conspiracy and agreement alleged above.

87. As a proximate result of the wrongful acts of Defendants, and each of them, the Company has been damaged in a sum according to proof and for attorney's fees, costs, and interest according to proof.

88. In doing the acts alleged herein, Defendants acted with oppression, fraud, and malice as set forth in Civil Code § 3294, and Nominal Defendant Plaintiff is entitled to an award of punitive damages to make an example of and to punish Defendants in addition to damages and other relief requested in this Complaint for an amount to be proven at the time of trial not less than $10,000,000.

## ELEVENTH CAUSE OF ACTION FOR RESCISSION BASED ON UNILATERAL MISTAKE

**(By Plaintiff Against All Defendants)**

89. Plaintiff re-alleges and incorporates herein by reference all of the allegations set forth in the preceding paragraphs as though fully set forth herein.

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

90. Plaintiff entered into the business relationship with the Defendants based upon the understandings as a stated in this Complaint.

91. Plaintiff was mistaken in believing what were the terms of the agreement. What defendants later claimed to be the terms of the agreement were different than the terms represented to Plaintiff, and Plaintiff had a different understanding of the terms.

92. Plaintiff's mistake was not caused by its neglect of a legal duty. Defendants knew of Plaintiff's mistaken belief and used that mistake to take advantage of Plaintiff by inducing Plaintiff to execute the documents mentioned in this Complaint.

93. Plaintiff will be substantially damaged should the agreement not be rescinded because it will severely impact the Plaintiff. Plaintiff hereby rescinds the agreement with Defendants and seeks restitution of all consideration paid to Defendants for an amount to be proven at the time of trial but not less than $500,000.

**12th CAUSE OF ACTION FOR RESCISSION BASED ON MUTUAL MISTAKE**

**(By Plaintiff Against All Defendants)**

94. Plaintiff re-alleges and incorporates herein by reference all of the allegations set forth in the preceding paragraphs as though fully set forth herein.

95. Plaintiff entered into the agreement with Defendants on the understanding as a stated above. Plaintiff was mistaken in believing what were the terms of the agreement. What defendants later claimed to be the terms of the agreement were different than the terms represented to Plaintiff, and Plaintiff had a different understanding of the terms.

96. Plaintiff was mistaken in believing. Plaintiff's mistake was not caused by its neglect of a legal duty. Defendants were mutually mistaken in that belief.

97. Defendants knew of Plaintiff's mistaken belief and used that mistake to take advantage of the Plaintiff by inducing Plaintiff to execute the agreement.

98. Plaintiff will be substantially damaged should the agreement not be rescinded because it will severely impact Plaintiff. Plaintiff hereby rescinds the agreement with Defendants and seeks restitution of all consideration paid to Defendants for an amount to be proven at the time of trial but not less than $500,000.

**13th CAUSE OF ACTION FOR RESCISSION BASED ON FRAUD AND FRAUD IN THE INDUCEMENT**

**(By Plaintiff Against All Defendants)**

99. Plaintiff re-alleges and incorporates herein by reference all of the allegations set forth in the preceding paragraphs as though fully set forth herein.

100. As it has been pled in this Complaint above, Defendants have committed fraud, misrepresentations, concealment, and fraud in the inducement among many other wrongful acts and omissions.

101. At the time these representations and promises were made by Defendants and at the time that Plaintiff took the actions herein alleged, including, without limitation, agreeing to enter the agreement, Plaintiff was ignorant of the falsity of Defendants' representations and promises and believed them to be true.

102. In justifiable reliance upon Defendants' representation and promises, Plaintiff agreed to execute the agreement and turn over his funds to Defendants. Had Plaintiff known the true facts, Plaintiff would not have executed the agreement and performed as he did.

103. Plaintiff will be substantially damaged should the agreement not be rescinded because it will severely impact the Plaintiff. Plaintiff hereby rescinds the agreement with Defendants and seeks restitution of all consideration paid to Defendants for an amount to be proven at the time of trial but not less than $500,000.

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

## 14th CAUSE OF ACTION FOR RESCISSION BASED ON NEGLIGENT MISREPRESENTATION

**(By Plaintiff Against All Defendants)**

104. Plaintiff re-alleges and incorporates herein by reference all of the allegations set forth in the preceding paragraphs as though fully set forth herein.

105. Plaintiff is informed and believes, and thereon alleges, that at the time Defendants made the allegations in this Complaint, Defendants had no reasonable ground to believe what they were representing to be true. Defendants made these representations and promises with the intent to deceive and defraud Plaintiff in order to induce Plaintiff to act in reliance on these representations and promises in the manner hereafter alleged or with the expectation that Plaintiff would so act.

106. At the time these representations and promises were made by Defendants and at the time that Plaintiff took the actions herein alleged, including, without limitation, agreeing to enter the agreement, Plaintiff was ignorant of the falsity of Defendants' representations and promises and believed them to be true.

107. In justifiable reliance upon Defendants' representation and promises, Plaintiff agreed to execute the agreement and acted as he did. Had Plaintiff known the true facts, the Plaintiff would not have executed the agreement.

108. Plaintiff will be substantially damaged should the agreement not be rescinded because it will severely impact Plaintiff. Plaintiff hereby rescinds the agreement with Defendants and seeks restitution of all consideration paid to Defendants for an amount to be proven at the time of trial but not less than $500,000.

## 15th CAUSE OF ACTION FOR RESCISSION BASED ON LACK OF CONSIDERATION

**(By Plaintiff Against All Defendants)**

109. Plaintiff re-alleges and incorporates herein by reference all of the allegations set forth in the preceding paragraphs as though fully set forth herein.

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

110. As alleged above, no valuable consideration existed in the transaction, and the purpose of the Defendants was to take away Plaintiff's money. Therefore, the agreement is void for lack of consideration from Defendants to support Plaintiff's obligations, if any.

111. Pursuant to Civil Code § 1691, Plaintiff, by multiple communication orally and in writing, and by way of filing and serving this Complaint, hereby notifies Defendants that he rescinds the agreement due to the lack of consideration to support the agreement. In addition, Plaintiff hereby offers to restore all consideration, if any, furnished to Defendants and demands Defendants do the same for an amount to be proven at the time of trial but not less than $500,000.

**16th CAUSE OF ACTION FOR RESCISSION BASED ON ELDER ABUSE**

**(By Plaintiff Against All Defendants)**

112. Plaintiff re-alleges and incorporates herein by reference all of the allegations set forth in the preceding paragraphs as though fully set forth herein.

113. As it has been pled in this Complaint, Defendants have committed elder abuse and any agreement alleged to be four by the Defendants shall be rescinded.

114. Plaintiff will be substantially damaged should the agreement not be rescinded because it will severely impact the Plaintiff. Plaintiff hereby rescinds the agreement with Defendants and seeks restitution of all consideration paid to Defendants for an amount to be proven at the time of trial but not less than $500,000.

**17TH CAUSE OF ACTION FOR CANCELLATION OF INSTRUMENTS (CIVIL CODE SECTION 3412)**

**(By Plaintiff Against All Defendants)**

115. Plaintiff re-alleges and incorporates herein by reference all of the allegations set forth in the preceding paragraphs as though fully set forth herein.

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

116. By reason of the mistake, duress, menace, fraud, or undue influence; the failure of consideration for the obligation incuntrred by Plaintiff; the consideration for the obligation of Plaintiff has become entirely void; the failure in a material respect of the consideration for the obligation; and/or unlawfulness of the agreement for causes which do not appear in its terms or conditions, the agreement is void, voidable, subject to rescission, or otherwise invalid.

117. Plaintiff is under a reasonable apprehension that the agreement may cause serious injury if left outstanding. Plaintiff is entitled to cancellation of the agreement.

118. Plaintiff is entitled to an order that the agreement be delivered up or canceled.

**18th CAUSE OF ACTION FOR RESCISSION BASED ON UNCONSCIONABILITY**

**(By Plaintiff Against All Defendants)**

119. Plaintiff re-alleges and incorporates herein by reference all of the allegations set forth in the preceding paragraphs as though fully set forth herein.

120. As it has been pled in this Complaint the agreement is unconscionable for the reasons as stated and shall be rescinded for unconscionability.

121. Plaintiff will be substantially damaged should the agreement not be rescinded because it will severely impact the Plaintiff. Plaintiff hereby rescinds the agreement with Defendants and seeks restitution of all consideration paid to Defendants for an amount to be proven at the time of trial but not less than $500,000.

**fNUMBER 19: REQUEST FOR UNJUST ENRICHMENT**

**(Against All Respondents)**

122. Plaintiff incorporates herein by reference each and every allegation of the above paragraphs as though set forth fully herein.

123. Defendants have been unjustly enriched as a result of taking the Plaintiff's money. Plaintiff had a different understanding based on what he was told, and thus never consented to the taking.

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

As such, the Defendants are guilty of conversion of the funds they received, as described herein and above, and Defendants continue to refuse and fail to release pay the funds and return the money to the Plaintiff.

124. Plaintiff has fully performed all conditions, covenants, and promises on his part to be performed, except in so far as such performance has been prevented by the acts and omissions of Defendants.

125. Plaintiff is entitled to recover a sum equal to the reasonable value of the benefits and advantages Decedent and the Trust conferred upon Defendants, and each of them, plus costs and interest at the legal rate from the time Defendants diverted the subject funds to his personal banking accounts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. General damages according to proof but no less than $500,000.00;
2. Special damages according to proof but no less than $2,000,000.00;
3. Costs of suit incurred herein;
4. Pre-judgment Interest at the legal rate;
5. Punitive damages for $10,000,000;
6. Request for recovery pursuant to the theory of unjust enrichment and for recovery and necessary orders for the Plaintiff to be placed in a position that he had before entering into transactions with the Defendants;
7. For permanent injunctions ordering Defendants to stop targeting and abusing the elderly, their unfair business practices, their fraud toward the public, and for such injunctions as may be necessary and just to place the plaintiff in a position he occupied before interacting with the Defendants and to prevent any further injuries to the public. For such further injunction so that

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

the Defendants disclose the truth and have an obligation to disclose the truth to the public; specifically, to disclose their fee in clear language to be signed, and for such further injunction for the Defendants to modify their contract so that the signature is placed after the signer has a chance to review the entire agreement, and that any fee charged will be placed in larger or bold letters so that the signer can understand the fees charged.

8. For such declaratory relief as may be necessary to declare the rights and obligations among the parties pursuant to their agreements including declarations as to the terms of the valid agreement between Plaintiff and the Defendants, and a determination as to what was actually promised and the contractor will obligations of the Defendants to the Plaintiff in this case.

9. For rescission of any agreement claimed by the Defendants obligating the Plaintiff based upon fraud, misrepresentation, concealment, unconscionability, elder abuse, mistake of fact, defect in contract formation, negligent misconduct, intentional misconduct, fraud in the inducement, civil conspiracy, and such other grounds as a stated in this complaint. Specifically, Plaintiff requests rescission of the alleged agreement based upon which Defendants received money from the Plaintiff, as alleged in this complaint.

10. For an award of costs and expenses of suit incurred herein;

11. For an award of attorney's fees to the extent allowed by law or contract including but not limited to California Welfare & Institution Code § 15657.5; and

12. Such other and further relief as this Court may deem just and proper.

///

///

///

///

///

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury on all issues which can be heard by a jury.

DATED: 2/19, 2019

KERENDIAN & ASSOCIATES, INC.

BY: ______________________
Craig Cawlfield,
Attorneys for Plaintiff