Shab D. Kerendian, Esq., State Bar No. 183057
Shab@kalawcorp.com
Edrin Shamtob, Esq., State Bar No. 301562
Edrin@kalawcorp.com

**KERENDIAN & ASSOCIATES, INC.**
11755 Wilshire Blvd., 15th Floor
Los Angeles, California 90025
Phone: (310) 914-4143
Fax: (310) 914-5441

Counsel for Plaintiff, STEPHEN MATTEO

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| STEPHEN MATTEO, an individual,<br><br>        Plaintiff,<br><br>    vs.<br><br>CHASE METALS SERVICE CORPORATION, a Delaware corporation; METALS.COM, an unknown entity; DAVID H. WOLAN, an individual; LUKE MCCAIN, an individual; JONATHAN SACHS, an individual; CHASE METALS, an unknown entity; CHASEMETALS.COM, an unknown entity; CHASE METALS, LLC, a Wyoming limited liability company; CHASE METALS, INC., a Wyoming corporation; TEM INC., a Wyoming corporation; and TMTE INC., a Wyoming corporation,<br><br>        Defendants. | **Case No. 2:19-cv-01223-JAK-SK**<br><br>**PLAINTIFF'S APPENDIX OF AMENDED PLEADINGS** |

Pursuant to the Court's Civil Case Standing Order (Revised 03-25-19), Plaintiff, Stephen Matteo, hereby submits this appendix of all amended pleadings:

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

1. Attached hereto and fully incorporated herein for the Court's reference is the "redline" version of Plaintiff's First Amended Complaint showing all additions and deletions of material from the most recent prior pleading.

DATED: __April 04__, 2019        KERENDIAN & ASSOCIATES, INC.


BY: _____

Shab D. Kerendian, Esq.,
Edrin Shamtob, Esq.,
Counsel for Plaintiff.

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

PLAINTIFF'S APPENDIX OF AMENDED PLEADINGS

Shab D. Kerendian, Esq., State Bar No. 183057
Shab@kalawcorp.com
Edin Shamtob, Esq., State Bar No. 301562
Edin@kalawcorp.com
KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, California 90025
Phone: (310) 914-4443
Fax: (310) 914-5441

Counsel for Plaintiff, STEPHEN MATTEO

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

STEPHEN MATTEO, an individual,

    Plaintiff,

    vs.

CHASE METALS SERVICE CORPORATION, a Delaware corporation; METALS.COM, an unknown entity; DAVID H. WOLAN, an individual; LUKE MCCAIN, an individual; JONATHAN SACHS, an individual; CHASE METALS, an unknown entity; CHASEMETALS.COM, an unknown entity; CHASE METALS, LLC, a Wyoming limited liability company; CHASE METALS, INC., a Wyoming corporation; TEM INC., a Wyoming corporation; and TMTE INC., a Wyoming corporation,

    Defendants.

Case No. 2:19-cv-01223-JAK-SK

**FIRST AMENDED COMPLAINT FOR:**

1. BREACH OF CONTRACT;
2. FRAUD;
3. NEGLIGENT MISREPRESENTATION;
4. FRAUDULENT INDUCEMENT;
5. FINANCIAL ELDER ABUSE; [Welf. & Inst. C. §§ 15610.30, and 15657.5];
6. CONVERSION;
7. COMMON COUNTS;
8. UNFAIR AND DECEPTIVE BUSINESS PRACTICES [CAL. B&P 17200, ET SEQ.];
9. VIOLATION OF PENAL CODE § 496(a);
10. CIVIL CONSPIRACY;
11. RESCISSION BASED ON UNILATERAL MISTAKE;

Page 1

FIRST AMENDED COMPLAINT FOR DAMAGES

12. RESCISSION BASED ON MUTUAL MISTAKE;

13.12.    RESCISSION BASED ON FRAUD;

14.13.    RESCISSION BASED ON NEGLIGENT MISREPRESENTATION;

15.14.    RESCISSION BASED ON LACK OF CONSIDERATION;

16.15.    RESCISSION BASED ON ELDER ABUSEILLEGALITY & PUBLIC INTEREST;

17.16.    CANCELLATION OF INSTRUMENTS (CIVIL CODE § 3412)];

18. RESCISSION BASED ON UNCONSCIONABILITY

19.17.    REQUEST FOR RESTITUTION (UNJUST ENRICHMENT.);

18. ACCOUNTING;

19. CIVIL RICO – SECTION 1962(c); and

20. CIVIL RICO – SECTION 1962(d).

**DEMAND FOR A JURY TRIAL**

Plaintiff, Stephen Matteo ("Plaintiff"),, alleges as follows:

**JURISDICTION AND VENUE**

1.    This court has original jurisdiction under 28 U.S.C. § 1332(a)(1), in that it is a civil action between a citizen of California and an individual residing in the State of Hawaii.  A corporation is considered a citizen in the state of its principal place of business for purposes of jurisdiction under

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15ᵗʰ Floor
Los Angeles, CA 90025

Page 2

FIRST AMENDED COMPLAINT FOR DAMAGES

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15ᵗʰ Floor
Los Angeles, CA 90025

28 U.S.C. § 1332(a)(1).  ~~28 U.S.C. § 1332(c)(1).   Plaintiff, Stephen Matteo, an individual, is a~~ ~~citizen of Hawaii. Defendant Chase Metals Service Corporation ("Chase") is a Delaware~~ ~~corporation with offices in Beverly Hills, California and has conducted business with Plaintiff from~~ ~~Beverly Hills, California; Metals.Com is an unknown entity but is believed to be the name used by~~ ~~Chase and its owners in operating their business. It also does business from Beverly Hills,~~ ~~California with a number of subsidiaries and/or divisions located in states of New York and~~ ~~Wyoming.  The amount in controversy, without interest and costs, exceeds seventy-five thousand~~ ~~dollars ($75,000.00), the sum or value specified by 28 U.S.C. §1332.~~following:

~~2.     Venue is proper in the Central District of California because a substantial part of the events~~ ~~or omissions giving rise to the claim occurred in this District.~~

## **PARTIES**

1. Plaintiff ~~is an individual residing in~~, Stephen Matteo ("Plaintiff"), is, and at all times mentioned herein was, a resident of the City of Kapaa, County of Kauai, State of Hawaii.

2. Plaintiff ~~is informed, believes, and thereon~~ alleges that ~~Defendant~~defendant, Chase Metals~~.Com~~, is, and at all relevant times mentioned herein was, an unknown ~~organization with~~entity incorporated in the State of Wyoming, having its principal place of business in Cheyenne, Wyoming and conducting business in New York, ~~New York, Casper, WY~~Wyoming, and the City of Beverly Hills, County of Los Angeles, State of California.

3. ~~Plaintiff~~ Plaintiff alleges that defendant, ChaseMetals.com, is, and at all relevant times mentioned herein was, an unknown entity incorporated in the State of Wyoming, having its principal place of business in Cheyenne, Wyoming and

Page 3

[Formatted: Font: 14 pt]
[Formatted: Font: 14 pt]
[Formatted: Right: 0.06"]
[Formatted: Font: 14 pt]
[Formatted: Font: 14 pt]
[Formatted: Font: 14 pt]
[Formatted: Font: 14 pt]
[Formatted: Font: 14 pt]
[Formatted: Font: 14 pt]
[Formatted: Font: 14 pt]
[Formatted: Font: 14 pt]
[Formatted: Font: 14 pt]
[Formatted: Font: 14 pt]
[Formatted: Font: 14 pt]
[Formatted: Font: 14 pt]

conducting business in New York, Wyoming, and the City of Beverly Hills, County of Los Angeles, State of California.

3.4.   Plaintiff alleges that defendant, Metals.com, is ~~informed, believes, and thereon alleges that Defendant David H. Wolan ("Wolan") is,~~ and at all relevant times mentioned herein was, an ~~individual residing~~unknown entity incorporated in the State of Wyoming, having its principal place of business in Cheyenne, Wyoming and conducting business in New York, Wyoming, and the City of Beverly Hills, County of Los Angeles, State of California. ~~Wolan represented to Plaintiff that he worked for Chase and Metals.com.~~

5.   Plaintiff ~~is informed, believes, and thereon~~ alleges that ~~Defendant Luke McCain ("McCain")~~defendant, Chase Metals, LLC, is, and at all ~~relevant~~ times mentioned herein was, ~~an individual residing in the~~a Wyoming limited liability company having its principal place of business in Cheyenne, Wyoming and conducting its business in New York, Wyoming, and the City of Beverly Hills, County of Los Angeles, State of California ~~McCain represented to~~ through the following trade names or fictitious business names: Chase Metals; Chasemetals.Com; and/or Metals.Com.

4.   Plaintiff ~~that he worked for Chase and Metals.com.~~

6.   ~~Plaintiff is informed, believes, and thereon~~ alleges that ~~Defendant Jonathan Sachs ("Sachs") is~~defendant, Chase Metals, Inc., is, and at all ~~relevant~~ times mentioned herein was, ~~an individual residing in the~~a Wyoming corporation having its principal place of business in Cheyenne, Wyoming and conducting its business in New York,

Page 4

FIRST AMENDED COMPLAINT FOR DAMAGES

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

Formatted: Right: 0.06"
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Wyoming, and the City of Beverly Hills, County of Los Angeles, State of California~~ Sachs represented to ~~ through the following trade names or fictitious business names: Chase Metals; Chasemetals.Com; and/or Metals.Com.

7.  Plaintiff alleges that defendant, TEM, Inc., is, and at all times mentioned herein was, a Wyoming corporation having its principal place of business in Cheyenne, Wyoming and conducting its business in New York, Wyoming, and the City of Beverly Hills, County of Los Angeles, State of California through the following trade names or fictitious business names: Chase Metals; Chasemetals.Com; and/or Metals.Com.

8.  Plaintiff alleges that ~~he worked for Chase and Metals.com~~defendant, TMTE, Inc., is, and at all times mentioned herein was, a Wyoming corporation having its principal place of business in Cheyenne, Wyoming and conducting its business in New York, Wyoming, and the City of Beverly Hills, County of Los Angeles, State of California through the following trade names or fictitious business names: Chase Metals; Chasemetals.Com; and/or Metals.Com.

9.  Defendants, Chase Metal, Chasemetals.Com, Metals.Com, Chase Metals, LLC, Chase Metals, Inc., TEM, Inc. and TMTE, Inc., are sometimes referred to herein collectively as "Corporate Defendants".

10. Plaintiff alleges that defendant, David H. Wolan ("Wolan"), is, and at all times mentioned herein was, a resident of the County of Los Angeles, California, and

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15ᵗʰ Floor
Los Angeles, CA 90025

conducting business on behalf of the Corporate Defendants in the County of Los Angeles, California.

11. Plaintiff alleges that defendant, Luke McCain ("McCain"), is, and at all times mentioned herein was, a resident of the County of Los Angeles, California, and conducting business on behalf of the Corporate Defendants in the County of Los Angeles, California.

~~5.~~12. Plaintiff alleges that defendant, Jonathan Sachs ("Sachs"), is, and at all times mentioned herein was, a resident of the County of Los Angeles, California, and conducting business on behalf of the Corporate Defendants in the County of Los Angeles, California.

~~6.~~13. The defendant, Chase Metals Service Corporation, is a Delaware corporation with its principal place of business in New York, ~~New York; Casper, WY;~~Wyoming, and the City of Beverly Hills, County of Los Angeles, State of California. Plaintiff is informed, believes, and thereon alleges that Chase Metals Service Corporation is registered and doing business in California as a company engaging in the trade of precious metals, including coins and Bullions.

~~7.   The true names and capacities, whether individual, corporate or otherwise, of DOES 1 through 50 are presently unknown to Plaintiff, and Plaintiff therefore sues the DOE defendants by such fictitious names. Plaintiff is informed, believes, and thereon alleges that each of defendant DOES 1 through 50, inclusive, has and/or is assisting, aiding, and abetting Defendants in carrying out the activities complained of herein, or otherwise participated in, contributed to, or is legally responsible in some other manner for the events and occurrences hereinafter alleged, and~~

Page 6

FIRST AMENDED COMPLAINT FOR DAMAGES

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

that Plaintiff's damages, as alleged herein, were proximately caused thereby, and that each such fictitiously named defendant is liable to Plaintiff thereon. Plaintiff will seek leave to amend this Complaint to allege the DOES' true names and capacities when Plaintiff ascertains them.

14. Plaintiff is informed and believe and based thereon alleges that each of the Defendants and DOES 1 through 50, inclusive, and each of them (collectively "Defendants") was, and is, the agent, servant or employee of each of the other Defendants and in doing all of the acts and/or omissions hereinafter alleged was acting in the capacity of, and as agent of, the other Defendants, within the course, scope and authority of such agency and employment. The Defendants were Plaintiff alleges that at all times mentioned herein, each defendant was the agent and employee of each and all of the other defendants and were acting in the course of such agency and/or employment. Further, upon information and belief, Plaintiff alleges that all of the acts and/or omissions by each of the defendants were ratified by each of the other defendants.   All defendants are sometimes referred to herein collectively as "Defendants".

8.15.   Plaintiff alleges that at all times mentioned herein, each defendant was the alter ego of one another, and acted in concert, and acted in a conspiracy and thus responsible, are jointly and severally responsible for the conduct of one another.

### JURISDICTION AND VENUE

9.   For the purposes of this Complaint, whenever reference is made to "Defendants", such reference shall be read to include all named and fictitiously named defendants, unless otherwise specifically stated to the contrary.

### JURISDICTION

FIRST AMENDED COMPLAINT FOR DAMAGES

Formatted: Font: 14 pt
Formatted: Right: 0.06"
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt

KEREDJIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15ᵗʰ Floor
Los Angeles, CA 90025

10. This Court has jurisdiction over this action pursuant to Article VI, Section 10 of the California Constitution and Code of Civil Procedure sections 395, 395.5 and 410.10.

**VENUE**

16. Pursuant to Corporations Code §177. Plaintiff incorporates by reference each and every allegation of the above paragraphs as though set forth fully herein.

17. Pursuant to 28 U.S.C. § 1332, this Court has subject matter jurisdiction over the matters alleged herein based on diversity jurisdiction where Plaintiff and Defendants are citizens of different States and the amount in controversy, exclusive of interests and costs, is in excess of seventy-five thousand ($75,000) dollars. Additionally, this Court has subject matter jurisdiction over this action pursuant to the civil RICO remedies at 18 U.S.C. § 1964, thereby giving this Court jurisdiction over this action under 28 U.S.C. § 1331 (federal question).

11.18. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this judicial district is proper because the principal executive offices of Metals.Com and Chase are respectively located in the City of Beverly Hills, County of Los Angeles, State of California and because the damages sustained by Plaintiff was all incurred in the City of Los Angeles, County of Los Angeles, State of California California is the location where a substantial part of the events or omissions giving rise to the claim occurred.

**FACTS COMMON TO ALL CAUSES OF ACTION**

12.19. Plaintiff re alleges and incorporates by reference alleach and every allegation of the above paragraphs above. as though set forth fully herein.

Page 8

FIRST AMENDED COMPLAINT FOR DAMAGES

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15ᵗʰ Floor
Los Angeles, CA 90025

~~13.~~20. Plaintiff was born on April 15, 1946. Plaintiff was married to Barbara Jean Matteo who was born on or about January 18, 1949. On or about July 8, 2017, Barbara passed away at the age of 68 years old on the island of Kauai, Hawaii. Plaintiff had about $465,000 as his life savings. ~~With his wife dead,~~ At the time of his wife's death, the Plaintiff was retired, and he was relying on his life savings for the remainder of his life. As such, the Plaintiff wanted to invest his ~~money~~ life savings for the remainder of his life in a safe investment ~~so that~~ vehicle where he could ~~utilize~~ grow and use the funds from his life savings to cover his living expenses. ~~At the time of his wife's death, the plaintiff was retired, and he was significantly relying on his life savings and retirement account for the remainder of his life.~~

~~14.~~21. In or ~~about the middle of~~ around mid-2017, Plaintiff heard Defendants' radio advertisement ~~during a radio show.~~ about Defendants' investment offer and/or opportunity ("Investment Opportunity"), Plaintiff called and explained his retirement situation ~~to the defendants~~ and goals, as stated above. ~~Specifically, to Defendants. During multiple telephone conversations from in or about August of 2017,~~ Plaintiff spoke with ~~David~~ defendants, Wolan, ~~Luke~~ McCain, and ~~Jonathan~~ Sachs ~~from Metals.com~~ and other representatives of the Defendants ~~during multiple telephone conversations from middle of 2017 through about July of 2018.~~ about Defendants' Investment Opportunity, Plaintiff explained to defendants, Wolan and McCain, that his wife had recently passed in July of 2017, and that the money he ~~planned~~ would like to invest was his entire life savings and his retirement money.

Page 9

FIRST AMENDED COMPLAINT FOR DAMAGES

Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt

Plaintiff also explained that he was retired and thus, relied on his life savings to make ends meet on a monthly basis, but did not have enough money coming on a monthly basis to be able to support himself and needed to rely on his life savings to make ends meet probably on a monthly basis.

22. During the these multiple telephone conversations Plaintiff had with David, defendants, Wolan, and Luke McCain, Plaintiff was would repeatedly ensured ensure Plaintiff that the investment Defendants' Investment Opportunity was safe and had no risk. of losing money. Defendants, Wolan and McCain, both repeatedly represented to Plaintiff that the dollar was losing loses value and investment while Defendants' Investment Opportunity, involving, among other things, investments in precious metals, was a safe investment with no risk, because the dollar was losing value and silver and other precious metals were a safe investment. Plaintiff told and no-risk investment. During the multiple communications with defendants, Wolan and McCain. Plaintiff told them multiple times and during multiple communications with each one of them that he did not want his retirement funds in the stock market as he could not afford to lose any part of his retirement funds. Wolan and McCain and the DOE life savings and retirement funds. Wolan and McCain understood and assured Plaintiff that his funds would be safe during those conversations. Wolan and McCain used the stock market as an example, and told Plaintiff that unlike the stock market, owning precious metals is a safe investment, protects Plaintiff, goes up over time, and protects against inflation and the dollar losing value. During

Page 10

FIRST AMENDED COMPLAINT FOR DAMAGES

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

Formatted: Font: 14 pt

KEREDNDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15ᵗʰ Floor
Los Angeles, CA 90025

those conversations, Wolan and McCain repeatedly assured Plaintiff that the money he invests in precious metals with them will not be reduced or lose value.

15.23. Defendants, Wolan and McCain, including other representatives of Defendants represented and insured theensured Plaintiff that the investment with the DefendantsDefendants' Investment Opportunity was safe and his investment with Defendants will only increase in value as the dollar is going to lose strength causing precious metals to increase in value. Further, Defendants, particularly, defendants, Wolan and McCain also, repeatedly represented thatto Plaintiff wasthat: he would be purchasing precious metals from Defendants at fair market value on the day of purchase.; that the Plaintiffhe would be able to sell and/or Defendants would buy back any part or the whole investment of the precious metals at any time, without any penalty and at least at, for no less than the same price as he purchased them.; and that the precious metals were going towould be kept by a third-party on his behalf. Based on Defendants repeated representations and assurances, Plaintiff understood that Defendants' Investment Opportunity was safe, risk-free and that he would have access to his investment funds at any time if he needed money.

16. Plaintiff was repeatedly told by the defendants, specially Wolan and McCain, that Plaintiff would be able to sell parts or all of the precious metals he was purchasing at any time for at least the same price as he paid for them. Thus Plaintiff understood that he would have access to his funds if he needed money.

Page 11
FIRST AMENDED COMPLAINT FOR DAMAGES

Formatted: Right:  0.06"
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt

~~17.~~24. In reasonable and justifiable reliance on the ~~many representations during the many discussions the~~aforementioned representations and assurances by Defendants, particularly, defendants, Wolan and McCain, about Defendants' Investment Opportunity, Plaintiff ~~had with the Defendants, specially Wolan and McCain, Plaintiff agreed to~~decided to buy into Defendants' Investment Opportunity and purchase precious metals from Defendants ~~as represented.~~with his life savings and retirement funds, On or about August 7, 2017, Plaintiff ~~recalls receiving~~electronically received and signed a one-page document ~~to sign, and the Plaintiff signed the document. The one-page document ("Contract") is provided herein~~from Defendants in order to participate in Defendants' Investment Opportunity ("Contract"), and a copy was not provided to Plaintiff at the time of signing. A true and correct copy of the Contract is attached hereto as Exhibit "1" and fully incorporated herein by this reference. ~~Plaintiff understood that he was purchasing precious metals from Defendants at fair market value, that the Plaintiff was able to sell any part or the whole investment of the precious metals at any time without penalty and at least at the same price as he purchased them, and that the precious metals were going to be kept by a third-party on his behalf.~~

~~18. As part of the inducement of Plaintiff to enter into the Contract, the Defendants told Plaintiff that Plaintiff could sell the coins back to Defendants for the price the Plaintiff paid for it without any penalty.~~

~~19.~~25. Thereafter, in August of 2017, ~~Plaintiff,~~ in reasonable and justifiable reliance on the aforementioned representations ~~of~~and assurances by the Defendants, the Plaintiff purchased thousands of ~~silver coins and other~~precious metals, including

Page 12

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

coins, from Defendants. Plaintiff paid Defendants, based on their invoice dated August 7, 2017, the amount of $367,530.00. In addition, Plaintiff paid Defendants, based on their invoice dated August 23, 2017, the amount of $94,282.50. Exhibit "2" are the True and correct copies of the twoAugust 7, 2017, and August 23, 2017 invoices generated by the Defendants and paid by the Plaintiff which areare attached hereto, collectively, as Exhibit "2" and fully incorporated herein by this reference.

26. No other pages or documents were provided by Defendants or signed by Plaintiff when Plaintiff received and signed the Contract electronically, nor when the Plaintiff made the purchases of precious metals from Defendant in August of 2017.

27. In or aboutaround October 2017, Plaintiff received a statement from Strata Trust Company which reflected the value of his investment with Defendants. To hisPlaintiff's shock and surprise, unlike what he was promised, the value of his investment was already at about $211,868.63. Plaintiff realized that within a matter of days, his investment of approximatelywith Defendants had decreased. Within about two months' time, the Plaintiff's $461,812.50 investment with Defendants had lost about $250,000.00 in value.

20.28. Plaintiff then asked Daviddefendant, Wolan, about his investment and asked for an explanation ofas to why his investment had dropped approximately $250,000.00 in value. Defendants, Wolan, McCain, and Sachs, during different

Page 13

FIRST AMENDED COMPLAINT FOR DAMAGES

KEREDNIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15ᵗʰ Floor
Los Angeles, CA 90025

phone conversations, informed Plaintiff that ~~the~~ an "agreement" he signed explained his duties and obligations. ~~Over~~ ("Agreement"). Apparently, over the next few months after signing of the ~~Contract, the Plaintiff was provided with pages subsequent to the~~ one-page ~~he signed.~~Contract and making the aforementioned investment purchases with Defendants, Defendants provided Plaintiff with additional pages, which the Defendants claimed were the Agreement for Plaintiff's investment with Defendants. For the first time, Defendants claimed that the Plaintiff signed ~~an agreement that~~the so-called Agreement, which explained ~~different~~ terms about Defendants' Investment Opportunity that was completely different than what was directly and repeatedly represented. ~~Exhibit "4" is a~~ to Plaintiff by Defendants. A true and correct copy of the so-called ~~agreement Defendants provided to the Plaintiff after the purchase which is~~Agreement is attached hereto as Exhibit "3" and fully incorporated herein by this reference. Plaintiff did not sign nor ever agree to the Agreement and did not understand any of the verbiages in the Agreement or what happened with life savings and retirement funds he used to invest in Defendants' Investment Opportunity.

~~21. The plaintiff who received Exhibit "4" did not understand any of the verbiages in that document and could not understand what happened to his life savings during his retirement.~~

~~29.~~ ~~Wolan, McCain, Sachs and the other Defendants continued to represent to Plaintiff that he needed to be patient. David Wolan, McCain, Sachs and the other Defendants~~Moreover, Defendants, particularly, defendants, Wolan, McCain, and Sachs, told Plaintiff

FIRST AMENDED COMPLAINT FOR DAMAGES

that the statements from Strata Trust Company did not represent the accurate value of Plaintiff's investment with the Defendants, that because the coins in question were minted in Canada specifically for Chase and that theyDefendants, which had a higher value than Strata Trust Company was reflecting on the statements. As a result, Defendants, particularly, defendants, Wolan, McCain, and Sachs and the other Defendants, would continuously toldtell Plaintiff that he needed to be patient, wait, and not take any action.

22.30. Plaintiff informed the Defendants of his intention to sell the precious metals and for the Defendants to buy them back the coinsfor the same price the Plaintiff paid for them as they Defendants had repeatedly promised him at the same price. Defendant. Defendants, however, refused to repurchase the coinsdo so and instead told Plaintiff that Defendantsthey could not repurchase the coinsthem for another three to five years, but kept representing all while continuing to represent to Plaintiff that he hashad not lost any money asbecause the coinsprecious metals that he bought from Defendants were worth as much as he paid for them. They told Plaintiff that there was nothing for him to do, and that everything was in order, and that Plaintiff's investment was at the initial value and was on its way to gain money. Plaintiff relied on these representations to his detriment.

23.31. After a few months Although Plaintiff waited in reliance on the Defendants' continuing representation that Plaintiff had not lost any money, Plaintiff continued receiving statements that showed the value of his investment was even

Page 15

further reduced. Plaintiff continued talking to Wolan, McCain, Sachs to lose value. Ultimately, and the other as time passed, Plaintiff was forced to engage others to sell his investments with Defendants on a regular basis and received the same representations. At this time, Plaintiff wished to preserve the portion of his investment that was left and because Defendants refused continued to refuse to sell or buy back any part of the precious metals they had sold to him. Plaintiff. As a result, he engaged others to sell his investments and he was only able to recover about $158,000.00 of what Plaintiff invested with the Defendants.

32. As a factual and legal result of Defendants' wrongful conduct as described herein and above, Plaintiff has been damaged for an amount, in excess of $75,000, to be proven at the time of the trial together with the interest thereon.

33. Additionally, Plaintiff has incurred attorney's fees and costs, all of which Plaintiff is entitled to recover from Defendant in accordance with the terms of the agreements alleged herein or as may be provided by law.

**FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT**

(Against **Plaintiff against** All Defendants)

24.34. Plaintiff re-alleges and incorporates by reference all each and every allegation of the above paragraphs above as though set forth fully herein.

35. From the many discussions the Plaintiff had with the Defendants, specially As alleged herein and above, defendants, Wolan and McCain, Plaintiff agreed to purchase precious metals from including other representatives of Defendants as represented. On or about

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

August 7, 2017, Plaintiff recalls receiving a one-page document to sign, and the Plaintiff signed the document. The one page document ("Contract") is provided herein as Exhibit "1" and fully incorporated herein by reference. Plaintiff understood and the agreement and ensured Plaintiff that Defendants' Investment Opportunity was that he was safe and his investment with Defendants will only increase in value as the dollar is going to lose strength causing precious metals to increase in value. Additionally, Defendants, particularly, defendants, Wolan and McCain, repeatedly represented to Plaintiff that: he would be purchasing precious metals from Defendants at fair market value, on the day of purchase; that the Plaintiff was he would be able to sell and/or Defendants would buy back any part or the whole investment of the precious metals at any time anytime, without any penalty and at least at, for no less than the same price as he purchased them.; and that the precious metals were going to would be kept by a third-party on his behalf. Defendants also agreed that Based on Defendants repeated representations and assurances, Plaintiff understood that Defendants' Investment Opportunity was safe, risk-free, and that he would have access to his investment funds at any time if he needed money.

25.36. As a result of the repeated representations and assurances by Defendants, particularly, defendants, Wolan and McCain, about Defendants' Investment Opportunity, as set forth herein and above, Plaintiff agreed to purchase precious metals from Defendants. To facilitate Plaintiff's purchase of the precious metals from Defendants, Plaintiff received and signed a one-page Contract from

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

Defendants in order to participate in Defendants' Investment Opportunity, which Plaintiff ~~could sell the coins back to Defendants for the price the~~ believed was based on Defendants' representations and assurances to Plaintiff ~~paid for it without any penalty.~~ about Defendants' Investment Opportunity. See Exhibit "1" (i.e., Contract) attached hereto and fully incorporated herein by this reference.

~~26.~~37. Thereafter, in August of 2017, in reasonable and justifiable reliance on the aforementioned representations and assurances by the Defendants, the Plaintiff purchased thousands of ~~silver coins and other~~ precious metals, including coins, from Defendants. Plaintiff paid Defendants, based on their invoice dated August 7, 2017, the amount of $367,530.~~ In addition~~00. Additionally, Plaintiff paid Defendants, based on their invoice dated August 23, 2017, the amount of $94,282.50. See Exhibit "2" ~~are the copies of~~(i.e., the two August 2017 invoices ~~generated by the Defendants)~~ attached hereto and ~~paid by the Plaintiff which are~~ fully incorporated herein by ~~this~~ reference.

~~27. Defendants breached all their promises as stated in this Complaint, and therefore breached the contract.~~

38. Accordingly, Plaintiff has, at all times herein mentioned, fully complied with and performed and/or stand ready, able, and willing to comply and perform all terms of the agreement with Defendants, except as to those which were excused, waived, and/or prevented by Defendant's conduct.

FIRST AMENDED COMPLAINT FOR DAMAGES

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

39. However, Defendants is, and at all times mentioned herein were, in breach of their promises to Plaintiff, as alleged herein and above, and thereby breached the Contract.

28.40. Plaintiff has fully performed all his obligations pursuant to the agreement mentioned herein and has performed to the extent not prevented by the Defendants. Plaintiff has made good faith attempts to resolve the dispute, but Defendants refused and continues to refuse to comply with the Contract.

41. As a direct factual and legal result of the Defendant's breaches of Defendants, the as alleged herein and above, Plaintiff has suffered and will suffer monetary damages in been damaged for an amount, in excess of $500,000.00, to be proven at the time of the trial, but no less than $500,000. together with the interest thereon.

29.42. Additionally, Plaintiff has incurred attorney's fees and costs, all of which Plaintiff is entitled to recover from Defendant in accordance with the terms of the agreements alleged herein or as may be provided by law.

**SECOND CAUSE OF ACTION FOR FRAUD**

(Against Plaintiff against All Defendants)

30.43. Plaintiff re-alleges and incorporates herein by reference all each and every allegation of the allegations set forth in the preceding above paragraphs as though set forth fully set forth herein.

FIRST AMENDED COMPLAINT FOR DAMAGES

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

Formatted: Font: 14 pt
Formatted: Right:  0.06"
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Right:  0.06"
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt

31. As ~~a result of the unlawful conduct described above, Defendants concealed or suppressed material facts from Plaintiff. The fraudulent concealment~~alleged herein and~~/or suppression of material facts by Defendants, and each of them, include, but are not limited to, the following:~~

a. ~~Plaintiff was repeatedly told by the~~ above, defendants, Wolan, and McCain, ~~Sachs and~~including other ~~Defendants that his investment was safe, that precious metals were a safe investment with no risk for Plaintiff.~~

b. ~~Wolan, McCain, Sachs and other~~ representatives of Defendants represented ~~to the Plaintiff that Plaintiff was~~ and ensured Plaintiff that Defendants' Investment Opportunity was safe and his investment with Defendants will only increase in value as the dollar is going to lose strength causing precious metals to increase in value. Additionally, Defendants, particularly, defendants, Wolan and McCain, repeatedly represented to Plaintiff that: he would be purchasing precious metals from Defendants at fair market value on the day of purchase.; that ~~the Plaintiff was~~he would be able to sell and/or Defendants would buy back any part or the whole investment of the precious metals at ~~any time~~anytime, without ~~any~~ penalty ~~and at least,~~ for no less than the same price ~~as~~ he purchased them.; and that the precious metals ~~were going to~~would be kept by a third-party on his behalf.

c. ~~Based on~~ Defendants ~~wrongfully appropriated, took,~~repeated representations and ~~used Plaintiff's assets and cash, for their benefit.~~

d. ~~Defendants caused~~assurances, Plaintiff ~~to pay expenses.~~

Page 20

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

Formatted: Font: 14 pt, Not Raised by / Lowered by
Formatted: Font: 14 pt, Not Raised by / Lowered by
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt, Not Raised by / Lowered by
Formatted: Font: 14 pt, Not Raised by / Lowered by
Formatted: Font: 14 pt, Not Raised by / Lowered by
Formatted: Font: 14 pt, Not Raised by / Lowered by
Formatted: Font: 14 pt, Not Raised by / Lowered by
Formatted: Font: 14 pt, Not Raised by / Lowered by
Formatted: Font: 14 pt, Not Raised by / Lowered by
Formatted: Font: 14 pt, Not Raised by / Lowered by
Formatted: Font: 14 pt, Not Raised by / Lowered by
Formatted: Font: 14 pt, Not Raised by / Lowered by
Formatted: Font: 14 pt, Not Raised by / Lowered by
Formatted: Font: 14 pt, Not Raised by / Lowered by
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt

e. ~~Defendants wrongfully distributed Plaintiff's funds and life savings to themselves.~~

f. ~~Failed to record and/or properly record financial transactions in Defendants books and records.~~

g. ~~Created a fraudulent contract and added terms to the agreement after the Contract was signed.~~

h. ~~Wolan, McCain, Sachs and other Defendants misrepresented the terms of the agreement.~~

~~i.~~44. Plaintiff was repeatedly told and ensured by Wolan, McCain, Sachs and other ~~Defendants~~understood that ~~he was able to sell part or all of the precious metals he was purchasing at any time for at least the same price~~Defendants' Investment Opportunity was safe, risk-free, and that he would ~~be having~~have access to his investment funds at any time if he needed money.

45. In reliance on the repeated representations and assurances by Defendants, particularly, defendants, Wolan and McCain, about Defendants' Investment Opportunity, as set forth herein and above, Plaintiff agreed to purchase precious metals from Defendants. To facilitate Plaintiff's purchase of the precious metals from Defendants, Plaintiff received and signed a one-page Contract from Defendants in order to participate in Defendants' Investment Opportunity, which Plaintiff believed was based on Defendants' representations and assurances to Plaintiff about Defendants' Investment Opportunity. See Exhibit "1" (i.e., Contract) attached hereto and fully incorporated herein by this reference.

46. Thereafter, in August of 2017, in reasonable and justifiable reliance on the aforementioned representations and assurances by the Defendants, Plaintiff

FIRST AMENDED COMPLAINT FOR DAMAGES

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

purchased thousands of precious metals, including coins, from Defendants. Plaintiff paid Defendants, based on their invoice dated August 7, 2017, the amount of $367,530.00. Additionally, Plaintiff paid Defendants, based on their invoice dated August 23, 2017, the amount of $94,282.50. See Exhibit "2" (i.e., the two August 2017 invoices) attached hereto and fully incorporated herein by this reference.

47. At the time that Defendants made the aforementioned representations and assurances, Defendants knew that they were false.

48. Defendants made the aforementioned representations and assurances with the intention to defraud and persuade the Plaintiff to buy into Defendants' Investment Opportunity and buy precious metals from Defendants as part of the Investment Opportunity.

49. Plaintiff reasonably and justifiably relied on Defendants' false representations and assurances.

50. Had Plaintiff known the falsity of Defendants' representations and assurances, Plaintiff would not have agreed to buy into Defendants' Investment Opportunity or buy precious metals from Defendants as part of the Investment Opportunity or entered into the aforementioned Contract to effectuate the same.

51. As a factual and legal result of Defendant's misconduct, as alleged herein and above, Plaintiff has been damaged for an amount, in excess of $500,000.00, to be proven at the time of the trial together with the interest thereon.

Page 22

FIRST AMENDED COMPLAINT FOR DAMAGES

Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt

KERENDIAN & ASSOCIATES, INC.
17755 Wilshire Blvd., 15ᵗʰ Floor
Los Angeles, CA 90025

52. Additionally, Defendants' conduct was willful and malicious and without regard for the well-being of the Plaintiff, thus entitling Plaintiff to an award of punitive damages pursuant to Civ. Code § 3294 in excess of $7,000,000.00.

53. Moreover, Plaintiff has incurred attorney's fees and costs, all of which Plaintiff is entitled to recover from Defendant in accordance with the terms of the agreements alleged herein or as may be provided by law.

**THIRD CAUSE OF ACTION FOR NEGLIGENT MISREPRESENTATION**

**(Plaintiff against All Defendants)**

54. Plaintiff incorporates by reference each and every allegation of the above paragraphs as though set forth fully herein.

j.  As alleged herein and above, defendants, Wolan, and McCain, ~~Sachs and~~including other representatives of Defendants represented and ensured Plaintiff that Defendants' ~~misrepresentations were designed~~Investment Opportunity was safe and his investment with Defendants will only increase in value as the dollar is going to ~~induce Plaintiff to agree to purchase~~lose strength causing precious metals ~~as represented through the Defendants. But the Defendants did not tell the Plaintiff the truth which was that immediately upon purchase of the precious metals, the Plaintiff would lose about $250,000. Defendants misrepresented their intentions that they intended to just take about $250,000 of the approximately $462,000 they were receiving right off the bat for themselves.~~

Page 23

k. ~~to~~ increase in value.  Additionally, Defendants ~~knew that if Plaintiff was told that they are taking $250,000 out of Plaintiff's life savings, that the Plaintiff would have never agreed to invest his lifesaving/retirement funds with the Defendants.~~

l. ~~The intention of the Defendants was to defraud Plaintiff out of his life savings at his elderly age.,~~ particularly, defendants, Wolan, and McCain, ~~Sachs and other Defendants knew that the Plaintiff for elderly, and defauded him as an elder.~~

m. ~~On or about August 7, 2017, Plaintiff recalls receiving a one-page document to sign, and the Plaintiff signed the document.~~

n. ~~Wolan, McCain, Sachs and other Defendants falsely~~repeatedly represented to ~~the~~ Plaintiff that~~:~~ he ~~was~~would be purchasing ~~the~~ precious metals from Defendants at fair market value, on the day of purchase; that ~~the Plaintiff was~~he would be able to sell and/or Defendants would buy back any part or the whole investment of the precious metals at ~~any time~~anytime, without any penalty~~and at least at,~~ for no less than the same price ~~as~~ he purchased them.~~;~~ and that the precious metals ~~were going to~~would be kept by a third-party on his behalf.

o. ~~Defendants established and conspired to establish a business entity and business practices designed to defraud elderly people out of their retirement savings, and in this case, defrauded Plaintiff in that manner.~~

p. ~~Wolan, McCain, Sachs and other Defendants wrongfully exercised dominion and control over Plaintiff's assets and funds and intentionally and wrongfully converted, seized, and diverted Plaintiff's funds and assets for the benefit of Defendants and the Conspirators.~~

Page 24

FIRST AMENDED COMPLAINT FOR DAMAGES

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15ᵗʰ Floor
Los Angeles, CA 90025

q. ~~Defendants misappropriated, converted, embezzled, and stole and conspired to misappropriate, convert, embezzle, and steal Plaintiff's retirement savings with the intention not to ever return the amount.~~

r. ~~Wolan, McCain, Sachs and other Defendants illicitly marketed, and sold based on misrepresentations and false pretense, the precious metals with the intent to steal and defraud elderly out of their money, and in this case, they defrauded Plaintiff.~~

s. ~~Defendants performed all of the above actions without the knowledge, consent, or permission of the Plaintiff.~~

t. ~~Defendants performed all of the above actions without the Plaintiff's full knowledge of the true facts.~~

~~u.~~ 55. ~~Wolan, McCain, Sachs and other Defendants conspired to have Plaintiff justifiably rely~~ Based on ~~the~~ Defendants repeated representations~~, and even after Plaintiff found out that his retirement savings of about $462,000 was reduced by $250,000 right off the bat; the Defendants, especially Wolan, McCain and Sachs who were acting on behalf of himself and the Defendants, continued misrepresenting facts so that the Plaintiff would not take any action to protect himself after the sale and and continued misrepresenting facts to Plaintiff so that he would not take any action to protect himself.~~ and assurances, Plaintiff understood that Defendants' Investment Opportunity was safe, risk-free, and that he would have access to his investment funds at any time if he needed money.

v. ~~As part of the inducement of Plaintiff to enter into the Contract, Defendants told Plaintiff that Plaintiff could sell the coins back to Defendants for the price Plaintiff paid for them without any penalty.~~

56. ~~Wolan, McCain, Sachs and the Other~~In reliance on the repeated representations and assurances by Defendants, particularly, defendants, Wolan and McCain, about Defendants' Investment Opportunity, as set forth herein and above, Plaintiff agreed to purchase precious metals from Defendants.  To facilitate Plaintiff's purchase of the precious metals from Defendants, Plaintiff received and signed a one-page Contract from Defendants in order to participate in Defendants' Investment Opportunity, which Plaintiff believed was based on Defendants' representations and assurances to Plaintiff about Defendants' Investment Opportunity. See Exhibit "1" (i.e., Contract) attached hereto and fully incorporated herein by this reference.

57. Thereafter, in August of 2017, in reasonable and justifiable reliance on the aforementioned representations and assurances by the Defendants, Plaintiff purchased thousands of precious metals, including coins, from Defendants. Plaintiff paid Defendants, based on their invoice dated August 7, 2017, the amount of $367,530.00. Additionally, Plaintiff paid Defendants, based on their invoice dated August 23, 2017, the amount of $94,282.50. See Exhibit "2" (i.e., the two August 2017 invoices) attached hereto and fully incorporated herein by this reference.

58. Defendants' representations and assurances to Plaintiff were not true.

FIRST AMENDED COMPLAINT FOR DAMAGES

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

59. While Defendants may have believed their representations and assurances to Plaintiff were true, Defendants had no reasonable grounds for believing the representations and assurances were true when Defendants made them.

60. Defendants intended that Plaintiff relies on their representations and assurances.

61. Plaintiff reasonably and justifiably relied on Defendants' representations and assurances.

62. Had Plaintiff known the falsity of Defendants' representations and assurances, Plaintiff would not have agreed to buy into Defendants' Investment Opportunity or buy precious metals from Defendants as part of the Investment Opportunity or entered into the aforementioned Contract to effectuate the same.

63. As a factual and legal result of Plaintiff's reliance on Defendant's representations and assurances, as alleged herein and above, Plaintiff has been damaged for an amount, in excess of $500,000.00, to be proven at the time of the trial together with the interest thereon.

64. Moreover, Plaintiff has incurred attorney's fees and costs, all of which Plaintiff is entitled to recover from Defendant in accordance with the terms of the agreements alleged herein or as may be provided by law.

**FOURTH CAUSE OF ACTION FOR FRAUDULENT INDUCEMENT**

**(Plaintiff against All Defendants)**

65. Plaintiff incorporates by reference each and every allegation of the above paragraphs as though set forth fully herein.

Page 27

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

66. As alleged herein and above, defendants, Wolan and McCain, including other representatives of Defendants represented and ensured Plaintiff that Defendants' Investment Opportunity was safe and his investment with Defendants will only increase in value as the dollar is going to lose strength causing precious metals to increase in value. Additionally, Defendants, particularly, defendants, Wolan and McCain, repeatedly represented to Plaintiff that: he would be purchasing precious metals from Defendants at fair market value on the day of purchase; that he would be able to sell and/or Defendants would buy back any part or the whole investment of the precious metals at anytime, without any penalty, for no less than the same price he purchased them; and that the precious metals would be kept by a third-party on his behalf. Based on Defendants repeated representations and assurances, Plaintiff understood that Defendants' Investment Opportunity was safe, risk-free, and that he would have access to his investment funds at any time if he needed money.

67. In reliance on the repeated representations and assurances by Defendants, particularly, defendants, Wolan and McCain, about Defendants' Investment Opportunity, as set forth herein and above, Plaintiff agreed to purchase precious metals from Defendants. To facilitate Plaintiff's purchase of the precious metals from Defendants, Plaintiff received and signed a one-page Contract from Defendants in order to participate in Defendants' Investment Opportunity, which Plaintiff believed was based on Defendants' representations and assurances to

Page 28

FIRST AMENDED COMPLAINT FOR DAMAGES

Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15ᵗʰ Floor
Los Angeles, CA 90025

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff about Defendants' Investment Opportunity. See Exhibit "1" (i.e., Contract) attached hereto and fully incorporated herein by this reference.

68. Thereafter, in August of 2017, in reasonable and justifiable reliance on the aforementioned representations and assurances by the Defendants, the Plaintiff purchased thousands of precious metals, including coins, from Defendants. Plaintiff paid Defendants, based on their invoice dated August 7, 2017, the amount of $367,530.00. Additionally, Plaintiff paid Defendants, based on their invoice dated August 23, 2017, the amount of $94,282.50. See Exhibit "2" (i.e., the two August 2017 invoices) attached hereto and fully incorporated herein by this reference.

69. At the time that Defendants made the aforementioned representations and assurances, Defendants knew that they were false.

70. Defendants made the aforementioned representations and assurances with the intention to defraud and induce Plaintiff to buy into Defendants' Investment Opportunity and buy precious metals from Defendants as part of the Investment Opportunity.

71. Plaintiff reasonably and justifiably relied on Defendants' false representations and assurances.

72. Had Plaintiff known the falsity of Defendants' representations and assurances, Plaintiff would not have agreed to buy into Defendants' Investment Opportunity

FIRST AMENDED COMPLAINT FOR DAMAGES

Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt

or buy precious metals from Defendants as part of the Investment Opportunity or entered into the aforementioned Contract to effectuate the same.

73. As a factual and legal result of Defendant's misconduct, as alleged herein and above, Plaintiff has been damaged for an amount, in excess of $500,000.00, to be proven at the time of the trial together with the interest thereon.

74. Additionally, Defendants' conduct was willful and malicious and without regard for the well-being of the Plaintiff, thus entitling Plaintiff to an award of punitive damages pursuant to Civ. Code § 3294 in excess of $7,000,000.00.

75. Moreover, Plaintiff has incurred attorney's fees and costs, all of which Plaintiff is entitled to recover from Defendant in accordance with the terms of the agreements alleged herein or as may be provided by law.

**FIFTH CAUSE OF ACTION FOR FINANCIAL ELDER ABUSE**

**(Welf. & Inst. ~~continued to represent to~~ Code §§ 15610.30, 15657.5)**

**(Plaintiff against All Defendants)**

76. Plaintiff incorporates by reference each and every allegation of the above paragraphs as though set forth fully herein.

77. At all times mentioned herein, Plaintiff was older than 65 years of age.

78. Defendants appropriated and retained Plaintiffs' life savings and retirement funds. As alleged herein and above, defendants, Wolan and McCain, including other representatives of Defendants represented and ensured Plaintiff that Defendants' Investment Opportunity was safe and his investment with Defendants will only

FIRST AMENDED COMPLAINT FOR DAMAGES

increase in value as the dollar is going to lose strength causing precious metals to increase in value.  Additionally, Defendants, particularly, defendants, Wolan and McCain, repeatedly represented to Plaintiff that: he would be purchasing precious metals from Defendants at fair market value on the day of purchase; that he would be able to sell and/or Defendants would buy back any part or the whole investment of the precious metals at anytime, without any penalty, for no less than the same price he purchased them; and that the precious metals would be kept by a third-party on his behalf. Based on Defendants repeated representations and assurances, Plaintiff understood that Defendants' Investment Opportunity was safe, risk-free, and that he would have access to his investment funds at any time if he needed money.

79. In reliance on the repeated representations and assurances by Defendants, particularly, defendants, Wolan and McCain, about Defendants' Investment Opportunity, as set forth herein and above, Plaintiff agreed to purchase precious metals from Defendants.  To facilitate Plaintiff's purchase of the precious metals from Defendants, Plaintiff received and signed a one-page Contract from Defendants in order to participate in Defendants' Investment Opportunity, which Plaintiff believed was based on Defendants' representations and assurances to Plaintiff about Defendants' Investment Opportunity. See Exhibit "1" (i.e., Contract) attached hereto and fully incorporated herein by this reference.

FIRST AMENDED COMPLAINT FOR DAMAGES

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

80. Thereafter, in August of 2017, in reasonable and justifiable reliance on the aforementioned representations and assurances by the Defendants, the Plaintiff purchased thousands of precious metals, including coins, from Defendants. Plaintiff paid Defendants, based on their invoice dated August 7, 2017, the amount of $367,530.00. Additionally, Plaintiff paid Defendants, based on their invoice dated August 23, 2017, the amount of $94,282.50. See Exhibit "2" (i.e., the two August 2017 invoices) attached hereto and fully incorporated herein by this reference.

81. In or around October 2017, Plaintiff received a statement from Strata Trust Company which reflected the value of his investment with Defendants. To Plaintiff's shock and surprise, unlike what he was promised, the value of his investment with Defendants had decreased. Within about two months' time, the Plaintiff's $461,812.50 investment with Defendants had lost about $250,000.00 in value.

82. Defendants, particularly, defendants, Wolan, McCain, and Sachs, told Plaintiff that the statements from Strata Trust Company did not represent the accurate value of Plaintiff's investment with the Defendants because the coins in question were minted in Canada specifically for Defendants, which had a higher value than Strata Trust Company was reflecting on the statements. As a result, Defendants, particularly, defendants, Wolan, McCain, and Sachs, would continuously tell

Page 32

FIRST AMENDED COMPLAINT FOR DAMAGES

Plaintiff that he needed to be patient and that his investment was not reduced. They continuously told Plaintiff that he needed to, wait, and not take any action.

v. 83. Nevertheless, Plaintiff informed the Defendants of his intention to sell the precious metals and for the Defendants to buy them back the coins for the same price the Plaintiff paid for them as they Defendants had repeatedly promised him at the same price. Defendant. Defendants, however, refused to repurchase the coins do so, and instead told Plaintiff that Defendants they could not repurchase the coins them for another three to five years. all while continuing to represent to Plaintiff that he had not lost any money because the precious metals that he bought from Defendants were worth as much as he paid for them.

84. Notwithstanding Defendants' continuing representation that Plaintiff had not lost any money, Plaintiff continued receiving statements that showed the value of his investment kept on losing value. Ultimately, in an effort to preserve what was left of his life savings and retirement funds, Plaintiff was forced to engage others to sell his investments with Defendants because Defendants continued to refuse to sell or buy back any part of the precious metals they had sold to him. Plaintiff was only able to recover about $158,000.00 of what Plaintiff invested with the Defendants.

85. Defendants appropriated and retained the Plaintiff's life savings and retirement funds for wrongful use, with the intent to defraud, and/or by undue influence.

FIRST AMENDED COMPLAINT FOR DAMAGES

Defendants engaged in such misconduct either directly, or assisted each other in such misconduct.

86. As a result of Defendants' misconduct, as alleged herein and above, the Plaintiff was harmed and Defendants' misconduct was a substantial factor in causing Plaintiff's harm.

87. As a factual and legal result of Defendant's misconduct, as alleged herein and above, Plaintiff has been damaged for an amount, in excess of $500,000.00, to be proven at the time of the trial together with the interest thereon.

88. Additionally, Defendants' conduct was willful and malicious and without regard for the well-being of the Plaintiff, thus entitling Plaintiff to an award of punitive damages pursuant to Civ. Code § 3294 in excess of $7,000,000.00.

~~32.~~ Moreover, Plaintiff has incurred attorney's fees and costs, all of which Plaintiff is entitled to recover from Defendant in accordance with the terms of the agreements alleged herein or as may be provided by law (e.g., Welf. & Inst. ~~Defendants had a duty to disclose the material facts referenced above to the Plaintiff.~~

~~33. Defendants intentionally concealed or suppressed the aforementioned material facts and those stated in this complaint with the intent to defraud Plaintiff.~~

~~34. Plaintiff was unaware of the material facts referenced above and would not have acted as they did if they had known of the concealed or suppressed facts.~~

~~35. In doing the acts alleged herein, Defendants acted with oppression, fraud, and malice as set forth in Civil Code § 3294, and Nominal Defendant Plaintiff is entitled to an award of punitive~~

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

Formatted: Font: 14 pt, Not Bold, No underline

Formatted: Font: 14 pt

Formatted: Font: 14 pt

Formatted: Font: 14 pt

Formatted: Font: 14 pt

damages to make an example of and to punish Defendants in addition to damages and other relief requested in this Complaint, not less than $10,000,000.

36. Plaintiff has also suffered compensatory damages due to the fraud of the Defendants for an amount to be proven at the time of trial but not less than $2,000,000.

89. Code §15657.5).

**THIRD CAUSE OF ACTION FOR NEGLIGENT MISREPRESENTATION**

**(Against All Defendants)**

37. Plaintiff re-alleges and incorporates by reference all paragraphs above.

38. Defendant's false representations as a stated above, but including the representation to Plaintiff that if he sold the coins back to Defendant within one year of purchasing them, Defendant would pay him and there would be no penalty, was made with no reasonable grounds to believe the representation to be true.

39. Plaintiff alternatively alleges that the misrepresentations mentioned above constitute negligent misrepresentation.

40. Plaintiff has suffered damages as a result of said misrepresentation for an amount to be proven at the time of trial, but for not less than $2,000,000.

**FOURTH CAUSE OF ACTION FOR FRAUD IN THE INDUCEMENT**

**(Against All Defendants)**

41. Plaintiff re-alleges and incorporates by reference all paragraphs above.

42. Defendants had a duty to disclose the material facts referenced above to the Plaintiff.

43. Defendants intentionally made the aforementioned material misrepresentations to induce Plaintiff to sign the Contract and other documents relating to the Contract. Defendants knew that the Plaintiff was elderly and did not understand the implication of the documents He Was Signing. The Defendants knew that Plaintiff was relying upon the verbal representations David

FIRST AMENDED COMPLAINT FOR DAMAGES

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

1  H. Wolan and the other Defendants for making in agreeing to deposit his money with the

2  Defendants. Defendants, through their misrepresentations as stated above and in this

3  complaint, induced Plaintiff to execute the documents which caused the transfer of Plaintiff's

4  retirement savings to the Defendant. Defendants knew that as soon as the Plaintiff deposited his

5  money with the Defendants, that the Defendants were taking about $250,000 of that money for

6  themselves. However, they concealed this fact in order to induce the Plaintiff to execute

7  documents so that they can steal approximately $250,000 from the Plaintiff.

8

9  44. Plaintiff was unaware of the material facts referenced above and would not have acted as they

10  did if they had known of the concealed or suppressed facts.

11  45. In doing the acts alleged herein, Defendants acted with oppression, fraud, and malice as set

12  forth in Civil Code § 3294, and Nominal Defendant Plaintiff is entitled to an award of punitive

13  damages to make an example of and to punish Defendants in addition to damages and other

14  relief requested in this Complaint, not less than $10,000,000.

15

16  46. Plaintiff has also suffered compensatory damages due to the fraud of the Defendants for an

17  amount to be proven at the time of trial but not less than $2,000,000.

18

19

20  **FIFTH CAUSE OF ACTION FOR FINANCIAL AND ELDER ABUSE (Welf. & Inst. C. §§**

21  **15610.30, and 15657.5)**

22  **(Against All Defendants)**

23  47. Plaintiff re-alleges and incorporates by reference all paragraphs above.

24  48. At all times relevant herein, Plaintiff was an elder, who resided in California, as that term is

25  defined in Welf. & Inst. C. § 21366.  Plaintiff was born on April 15, 1946.  Therefore, Plaintiff

26  attained the age of 65 on April 15, 2011.  Plaintiff was 71 years of age at the time he executed

27  the alleged contract.

28

Page 36

FIRST AMENDED COMPLAINT FOR DAMAGES

Formatted: Font: 14 pt, Not Bold, No underline

Formatted: Font: 14 pt

Formatted: Font: 14 pt

Formatted: Font: 14 pt

Formatted: Font: 14 pt

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

49. Based on information and belief, Plaintiff alleges that the withdrawal, conversion, and misappropriation of funds by Defendant of the Plaintiff's money, including without limitation, Plaintiff's funds in his accounts were unlawful; and that the actions or failures to act by Defendant, as alleged herein and above, are an unconscionable and despicable fraud upon Plaintiff. Based on information and belief, Plaintiff further alleges that Defendant took advantage of Plaintiff advanced age and health.

50. Based on information and belief, Plaintiff alleges that Defendants intentionally concealed these facts from Plaintiff, Plaintiff to prevent anyone from taking any action to protect the interests of Plaintiff, and in doing so acted in bad faith. For example, Defendants failed to provide all pages of the alleged contract to Plaintiff. The Defendants represented the terms of the agreement to the Plaintiff over the telephone.

51. Around August of 2017, Defendants represented to Plaintiff that Plaintiff's funds were going to be used to purchase precious metals, specifically silver coins or bullions, at market price. Defendants representatives, including Wolan, McCain, and Sachs talked to the Plaintiff multiple times and on a regular basis over the telephone. The contract was designed to defraud the Plaintiff. It was drafted in a manner that the signature of Plaintiff was required on the first page and that the subsequent pages followed the signature. The contract was designed so that Plaintiff would not see the other pages. The other pages were not provided at the time of the execution. However, based on information and belief, Plaintiff alleges that after Defendant took control of Plaintiff's funds, Defendants took a fee of approximately $250,000 without telling the Plaintiff, and by the time the subject precious metals were sold, Plaintiff only recovered $158,000 of his entire funds.

52. Based on information and belief, Plaintiff alleges that Defendants' conduct, as described and alleged herein, constitutes financial abuse as defined in Welf. & Inst. C. § 15610.30.

Page 37

FIRST AMENDED COMPLAINT FOR DAMAGES

Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt

KERENDIAN & ASSOCIATES, INC.
17255 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

53. Further, based on information and belief, Plaintiff alleges that Defendants are guilty of recklessness, oppression, fraud, and malice in the commission of the financial abuse of Plaintiff as described and alleged herein and above.

54. Under the Welf. & Inst. C. §15657.5, Defendants are liable for reasonable attorney fees and costs of the Plaintiff. Additionally, under California Civil Code ("CC") § 3294, Plaintiff is entitled to punitive or exemplary damages against Defendant.

55. When Plaintiff entered into the Contract with the Defendant, Plaintiff was over Sixty Five (65) years old and thus was an elder under the California Elder Abuse and Dependent Adult Civil Protection Act.

56. By committing the above acts, Defendant violated the California Elder Abuse and Dependent Adult Civil Protection Act by taking financial advantage of Plaintiff with the intent to defraud and/or commit undue influence against Plaintiff in his vulnerable state.

57. In doing the acts alleged herein, Defendants acted with oppression, fraud, and malice as set forth in Civil Code § 3294. Plaintiff is entitled to an award of punitive damages to make an example of and to punish Defendants in addition to damages and other relief requested in this Complaint for an amount to be proven at the time of trial but not less than $10 million.

58. Plaintiff has suffered compensatory damages as a result of said actions by the Defendants for an amount to be proved at trial, but for no less than $2,000,000.

**SIXTH CAUSE OF ACTION FOR CONVERSION**

**(Against Plaintiff against All Defendants)**

59.90. Plaintiff incorporates herein by reference each and every allegation of the above paragraphs as though set forth fully herein.

91. ~~Based on information and belief~~At all times relevant herein, Plaintiff ~~alleges that~~had an ownership interest in his life savings and retirement funds, including without limitation, all amounts of money paid to Defendants in connection with Defendant's Investment Opportunity.

92. Defendants are in possession ~~and continue to be in possession of~~ of all the ~~funds belonging to~~money the Plaintiff.~~ Further, based on information and belief,~~ paid in connection with Defendant's Investment Opportunity.

~~60.~~93. Despite multiple demands by Plaintiff ~~alleges that~~for the return of his money, Defendants have ~~taken~~refused to pay back the ~~Plaintiff's~~money and continue to hold such money belonging to Plaintiff without his ~~knowledge or~~consent ~~of~~in converting the ~~true facts~~same to Defendants' own use.

~~61. Based on information and belief, Plaintiff alleges that Defendants have failed and refused to return the funds to the Plaintiff after many requests.~~

~~62. Despite such misrepresentations, these Defendants have wrongfully, maliciously and with the intent to injure Plaintiff failed and refused to transfer the funds to the Plaintiff. Defendants acted with wrongful intent to injure and oppress Plaintiff. Further, Defendants, with intent to injure and with malice, withheld and failed to deliver the funds to Plaintiff. Defendants' actions and/or omissions towards Plaintiff were oppressive and malicious; thus, Plaintiff is entitled to the assessment of punitive and/or exemplary damages in an amount necessary to punish Defendants to be proven at trial but not less than $10,000,000.~~

~~63.~~94. As a ~~direct~~factual and legal result of ~~the aforementioned actions and/or omissions by Defendants~~Defendant's misconduct, as alleged herein and above, Plaintiff has been

FIRST AMENDED COMPLAINT FOR DAMAGES

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

damaged ~~in the~~for an amount, in excess of ~~funds converted, plus costs of collection and prejudgment interest at the legal rate, but not less than $2,000,000~~$500,000.00, to be proven at the time of the trial together with the interest thereon,

95. Additionally, Defendants' conduct was willful and malicious and without regard for the well-being of Plaintiff, thus entitling Plaintiff to an award of punitive damages pursuant to Civ. Code § 3294 in excess of $7,000,000.00.

96. Moreover, Plaintiff has incurred attorney's fees and costs, all of which Plaintiff is entitled to recover from Defendant in accordance with the terms of the agreements alleged herein or as may be provided by law.

### SEVENTH CAUSE OF ACTION FOR COMMON ~~COUNTS~~COUNT

### ~~(Against~~(MONEY HAD AND RECEIVED)

### (Plaintiff against All Defendants)

~~64.~~ Plaintiff ~~re-alleges and~~ incorporates by reference ~~all paragraphs above.~~

~~65.~~97. ~~The sums paid by Plaintiff to Defendant as alleged~~ each and every allegation of the above ~~are money had an received by Defendant~~paragraphs as though set forth fully herein.

~~66. Said amounts were exchanged for the consideration of the coins sold to Plaintiff and the other terms of the Contract.~~

~~98. By refusing to re-purchase the coins, Defendants became indebted to~~Defendants received amounts of money that were intended for Plaintiff's benefit, including without

Page 40

FIRST AMENDED COMPLAINT FOR DAMAGES

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

limitation, payments Plaintiff made to Defendants in connection with Defendant's Investment Opportunity.

99. Despite multiple demands by Plaintiff for the ~~sums stated~~return of his money, Defendants have refused to pay back the money and continue to hold said money.

~~67.~~ As a factual and legal result of Defendant's misconduct, as alleged herein and above~~.~~

~~68. Defendant has failed to pay~~. Plaintiff ~~said sums.~~

~~69.~~100.    ~~Therefore, Defendants are liable to the Plaintiff for common counts~~has been damaged for an amount, in excess of $500,000.00, to be proven at the time of the trial ~~but not less than $500,000.~~ together with the interest thereon.

101.   Moreover, Plaintiff has incurred attorney's fees and costs, all of which Plaintiff is entitled to recover from Defendant in accordance with the terms of the agreements alleged herein or as may be provided by law.

**EIGHTH CAUSE OF ACTION FOR UNFAIR AND DECEPTIVE BUSINESS PRACTICES CAL. B~~&~~ & P § 17200, ET. SEQ.**

~~(Against~~(Plaintiff against All Defendants)

~~70.~~102.    Plaintiff ~~re-alleges and~~ incorporates ~~herein~~ by reference ~~all~~each and every allegation of the ~~allegations set forth in the preceding~~above paragraphs as though ~~fully~~ set forth fully herein.

~~71.~~103.    ~~California's Unfair Competition Law, California~~Business and Professions Code ~~§§~~§ 17200 ~~et seq. (the "UCL") prohibits~~states, in pertinent part: "...unfair competition

shall mean and include any "unlawful, unfair or fraudulent business ~~acts or practices~~act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code" and allows an aggrieved party to seek restitution and relief from the court enjoining such unfair and fraudulent acts and practices.

~~72.~~ ~~Plaintiff is informed, believes, and thereon alleges, at the relevant times herein alleged, Defendants engaged in unlawful conduct in violation of the UCL by their breaches of fiduciary duties, engagement in self-dealing, fraudulent conduct, civil conspiracy, aiding and abetting, misappropriation of trade secrets and assets, and the additional acts as described above.~~

~~73.~~ ~~As a direct and proximate result of their violations of the UCL, Defendants have profited unfairly, been unjustly enriched, reaped benefits of ill-gotten gains, and retained and continued to retain property belonging rightfully to Plaintiff.~~

104.   ~~Plaintiff is entitled to full disgorgement of all profits obtained by Defendants~~At all times mentioned herein, Defendants engaged in "unlawful", "unfair", and "fraudulent" business practices because its conduct was immoral, unethical, oppressive, unscrupulous and substantially damaging to Plaintiff. Specifically, and without limitation, the particular offensive conduct includes Defendants' representations and assurances to Plaintiff that: Defendants' Investment Opportunity was safe and his investment with Defendants will only increase in value as the dollar is going to lose strength causing precious metals to increase in value; Defendants, particularly, defendants, Wolan and McCain, repeatedly representing that Plaintiff

FIRST AMENDED COMPLAINT FOR DAMAGES

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15ᵗʰ Floor
Los Angeles, CA 90025

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

would be purchasing precious metals from Defendants at fair market value on the day of purchase; that Plaintiff would be able to sell and/or Defendants would buy back any part or the whole investment of the precious metals at anytime, without any penalty, for no less than the same price Plaintiff purchased them; and that the precious metals would be kept by a third-party on his behalf; when, in fact, Plaintiff's investment with Defendants lost almost all of its value; Defendants refused and continues to refuse to sell or buy back any of the precious metals Plaintiff bought from Defendants in connection with Defendants' Investment Opportunity at the prices Plaintiff bought them from Defendants.

105.   At all times mentioned herein, Defendants engaged in "fraudulent" business practices because members of the public are likely to be deceived, as a result of their unlawful, unfair, and fraudulent actsthe conduct alleged herein and above.

74.106.      As a factual and legal result of Defendant's misconduct, as alleged herein and above, Plaintiff has been damaged for an amount, in excess of $500,000.00, to be proven at the time of the trial together with the interest thereon. Plaintiff therefore seeks restitution from Defendants.

107.   Defendants'Defendants' conduct, as alleged herein and above, was willful and malicious and without regard for the well-being of Plaintiff, thus entitling Plaintiff to an award of punitive damages pursuant to Civ. Code § 3294 in excess of $7,000,000.00.

Page 43

FIRST AMENDED COMPLAINT FOR DAMAGES

Formatted: Font: 14 pt
Formatted: Right:  0.06"
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt

108.   Moreover, Plaintiff has incurred attorney's fees and costs, all of which Plaintiff is entitled to recover from Defendant in accordance with the terms of the agreements alleged herein or as may be provided by law.

75.109.   Additionally, Defendants' conduct has caused, and unless enjoined will continue to cause, irreparable injury to, including harm to the public especially the elderly whom, are targeted by the Defendants, for which money cannot adequately compensate. Plaintiff has no adequate remedy at law for these wrongs and injuries. Plaintiff is, therefore, entitled to a preliminary and permanent injunction restraining and enjoining Defendants and their agents, servants, and employees, and all persons acting thereunder, in concert with, or on their behalf, from further acts of unfair competition, including (a) engaging in additional misappropriation toof others; (b) engaging in acts which would be harmful to the public, including selling products, including without limiation, Defendants' Investment Opportunity, under the same type of misrepresentations; and (c) any actions which are fraudulent, including continuing to make misrepresentations to prospective customers as they had done to Plaintiff; and (d) engaging in self-dealing, including usurping opportunities.

76. The actions of Defendants, and each of them, as alleged herein, were performed with full knowledge and in conscious disregard of Plaintiff's rights, and with oppression, fraud, and/or malice under California Civil Code Section 3294, thus entitling Plaintiff to punitive damages in an amount to be proven at trial but not less than $10,000,000.

Page 44

FIRST AMENDED COMPLAINT FOR DAMAGES

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NINTH CAUSE OF ACTION FOR VIOLATION OF PENAL CODE § 496(~~Ca~~)**

**(~~By~~ Plaintiff ~~Against~~against All Defendants)**

~~77.~~110.    Plaintiff ~~re-alleges and~~ incorporates ~~herein~~ by reference ~~all~~each and every allegation of the ~~allegations set forth in the preceding~~above paragraphs as though set forth fully ~~set forth~~herein.

~~78. Defendants concealed, withheld and/or aided in the concealment or withholding of property owned by Plaintiff including, without limitation, funds Defendants obtained from Plaintiff.~~

~~79. Defendants at all relevant times knew that said items, among other things, belonged to Plaintiff and that Defendants stole or obtained the property in a manner constituting theft or conversion. Defendants knew that the Plaintiff was elderly and in a protected group by laws pertaining to elder abuse as stated above. Defendants further new that the elderly Plaintiff was especially susceptible to due to the fact that his wife had passed just recently and that he was in a fragile mental estate. Defendants acted in a scheme to steal the Plaintiff's property.~~

~~80. In doing the acts alleged herein, Defendants acted with oppression, fraud, and malice as set forth in Civil Code § 3294; Plaintiff is entitled to an award of punitive damages to make an example of and to punish Defendants in addition to damages and other relief requested in this Complaint.~~

~~81. As a direct and proximate result of defendants' conduct, Plaintiff has sustained and will continue to sustain damages, the exact amount of which is difficult to calculate, and presently unknown, but which will be proven at trial in an amount not to exceed $2,000,000.~~

Page 45

Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Line spacing: Double
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Right: 0.06"
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt

111. Penal Code § 496(a) states that "Every person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment in a state prison, or in a county jail for not more than one year."

112. Penal Code § 496© states that "Any person who has been injured by a violation of subdivision (a) or (b) may bring an action for three times the amount of actual damages, if any, sustained by the plaintiff, costs of suit, and reasonable attorney's fees."

113. As alleged herein and above, Defendants induced Plaintiff under false pretenses to use Plaintiff's life savings and retirement funds to buy into Defendants' Investment Opportunity and to purchase precious metals from Defendants in connection with the Investment Opportunity.

114. As alleged herein and above, defendants, Wolan and McCain, including other representatives of Defendants represented and ensured Plaintiff that Defendants' Investment Opportunity was safe and his investment with Defendants will only increase in value as the dollar is going to lose strength causing precious metals to increase in value. Additionally, Defendants, particularly, defendants, Wolan and McCain, repeatedly represented to Plaintiff that: he would be purchasing precious

FIRST AMENDED COMPLAINT FOR DAMAGES

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

metals from Defendants at fair market value on the day of purchase; that he would be able to sell and/or Defendants would buy back any part or the whole investment of the precious metals at any time, without any penalty, for no less than the same price he purchased them; and that the precious metals would be kept by a third-party on his behalf. Based on Defendants repeated representations and assurances, Plaintiff understood that Defendants' Investment Opportunity was safe, risk-free, and that he would have access to his investment funds at any time if he needed money.

115.  In reliance on the repeated representations and assurances by Defendants, particularly, defendants, Wolan and McCain, about Defendants' Investment Opportunity, as set forth herein and above, Plaintiff agreed to purchase precious metals from Defendants.  To facilitate Plaintiff's purchase of the precious metals from Defendants, Plaintiff received and signed a one-page Contract from Defendants in order to participate in Defendants' Investment Opportunity, which Plaintiff believed was based on Defendants' representations and assurances to Plaintiff about Defendants' Investment Opportunity. See Exhibit "1" (i.e., Contract) attached hereto and fully incorporated herein by this reference.

116.  Thereafter, in August of 2017, in reasonable and justifiable reliance on the aforementioned representations and assurances by the Defendants, Plaintiff purchased thousands of precious metals, including coins, from Defendants. Plaintiff paid Defendants, based on their invoice dated August 7, 2017, the

Page 47

FIRST AMENDED COMPLAINT FOR DAMAGES

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

amount of $367,530.00. Additionally, Plaintiff paid Defendants, based on their invoice dated August 23, 2017, the amount of $94,282.50. See Exhibit "2" (i.e., the two August 2017 invoices) attached hereto and fully incorporated herein by this reference.

117.   In or around October 2017, Plaintiff received a statement from Strata Trust Company which reflected the value of his investment with Defendants. To Plaintiff's shock and surprise, unlike what he was promised, the value of his investment with Defendants had decreased over $211,000.00. Within about two months' time, the Plaintiff's $461,812.50 investment with Defendants had lost about $250,000.00 in value.

118.   Defendants, particularly, defendants, Wolan, McCain, and Sachs, told Plaintiff that the statements from Strata Trust Company did not represent the accurate value of Plaintiff's investment with the Defendants because the coins in question were minted in Canada specifically for Defendants, which had a higher value than Strata Trust Company was reflecting on the statements. As a result, Defendants, particularly, defendants, Wolan, McCain, and Sachs, would continuously tell Plaintiff that he needed to be patient, wait, and not take any action.

119.   Nevertheless, Plaintiff informed the Defendants of his intention to sell the precious metals and for the Defendants to buy them back for the same price the Plaintiff paid for them as Defendants had repeatedly promised. Defendants, however, refused to do so and instead told Plaintiff that they could not repurchase

FIRST AMENDED COMPLAINT FOR DAMAGES

Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt

them for another three to five years all while continuing to represent to Plaintiff that he had not lost any money because the precious metals that he bought from Defendants were worth as much as he paid for them.

120.   Notwithstanding Defendants' continuing representation that Plaintiff had not lost any money, Plaintiff continued receiving statements that showed the value of his investment kept on losing value. Ultimately, in an effort to preserve what was left of his life savings and retirement funds, Plaintiff was forced to engage others to sell his investments with Defendants because Defendants continued to refuse to sell or buy back any part of the precious metals they had sold to him. Plaintiff was only able to recover about $158,000.00 of what Plaintiff invested with the Defendants.

121.   As a factual and legal result of Defendant's misconduct, as alleged herein and above, Plaintiff has been damaged for an amount, in excess of $1,500,000.00, to be proven at the time of the trial together with the interest thereon.

122.   Additionally, Defendants' conduct was willful and malicious and without regard for the well-being of Plaintiff, thus entitling Plaintiff to an award of punitive damages pursuant to Civ. Code § 3294 in excess of $7,000,000.00.

123.   Moreover, Plaintiff has incurred attorney's fees and costs, all of which Plaintiff is entitled to recover from Defendant in accordance with the terms of the agreements alleged herein or as may be provided by law (e.g., Penal Code § 496©).

FIRST AMENDED COMPLAINT FOR DAMAGES

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TENTH CAUSE OF ACTION FOR CIVIL CONSPIRACY

**(~~By~~ Plaintiff ~~Against~~against All Defendants)**

~~82.~~124.     Plaintiff ~~re-alleges and~~ incorporates ~~herein~~ by reference ~~all~~ each and every allegation of the ~~allegations set forth in the preceding~~above paragraphs as though set forth fully ~~set forth~~ herein.

~~83. Plaintiff is informed and believe and thereon alleges that Defendants, and each of them, entered into an agreement under which said defendants, acting in concert, agreed to willfully or knowingly violate state and federal laws, including, but not limited to, misappropriate Plaintiff' assets, misappropriate Plaintiff' trade secrets, attempt to put Plaintiff out of business, usurp Plaintiff' business opportunities, and interfere with Plaintiff' prospective economic advantage.~~

~~84. The acts of Defendants, and each of them were in furtherance of a conspiracy to violate a legal duty for their own personal financial gain.~~

~~85. Defendants had an independent duty to the Plaintiff not to engage in said conduct, and their conduct involves a conspiracy to violate a legal duty in furtherance of Defendants' financial gain.~~

125.     ~~Defendants at all times~~ Defendants and each of them knowingly and willfully conspired and agreed among themselves to perpetrate a fraud on Plaintiff to steal his life savings and retirement funds for Defendants' own benefit. Defendants conspired to violate Plaintiff's rights for all the causes of action alleged in this pleading.

FIRST AMENDED COMPLAINT FOR DAMAGES

Formatted: Font: 14 pt
Formatted: Line spacing: Double
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Right: 0.06"
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt

86.126.	Defendants and each of them did the acts and things ~~herein~~ alleged herein and above pursuant to, and in furtherance of, the conspiracy and above-alleged conspiracy agreement ~~alleged above~~.

87. As a ~~proximate~~ factual and legal result of ~~the wrongful acts of Defendants,~~ Defendant's misconduct, as alleged herein and ~~each of them, the Company~~ above, Plaintiff has been damaged ~~in a sum according to proof and for attorney's fees, costs, and interest according to proof.~~

88.127.	~~In doing the acts alleged herein, Defendants acted with oppression, fraud, and malice as set forth in Civil Code § 3294, and Nominal Defendant Plaintiff is entitled to an award of punitive damages to make an example of and to punish Defendants in addition to damages and other relief requested in this Complaint~~ for an amount, in excess of $500,000.00, to be proven at the time of the trial ~~not less than $10,000,000~~ together with the interest thereon.

128.	Additionally, Defendants' conduct was willful and malicious and without regard for the well-being of Plaintiff, thus entitling Plaintiff to an award of punitive damages pursuant to Civ. Code § 3294 in excess of $7,000,000.00.

129.	Moreover, Plaintiff has incurred attorney's fees and costs, all of which Plaintiff is entitled to recover from Defendant in accordance with the terms of the agreements alleged herein or as may be provided by law.

**ELEVENTH CAUSE OF ACTION FOR RESCISSION BASED ON UNILATERAL MISTAKE**

Page 51

FIRST AMENDED COMPLAINT FOR DAMAGES

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

**(By Plaintiff ~~Against~~against All Defendants)**

~~89.~~130.    Plaintiff ~~re-alleges and~~ incorporates ~~herein~~ by reference ~~all~~each and every allegation, of the ~~allegations set forth in the preceding~~above paragraphs as though set forth fully ~~set forth~~ herein.

~~90.~~131.    Plaintiff entered into the ~~business relationship~~Investment Opportunity, with the Defendants based upon ~~the understandings~~Plaintiff's understanding of Defendant's Investment Opportunity as a stated ~~in this Complaint.~~ herein and above,

~~91. Plaintiff was mistaken in believing what were the terms of the agreement. What defendants later claimed to be the terms of the agreement were different than the terms represented to Plaintiff, and Plaintiff had a different understanding of the terms.~~

132.   As result of Defendants' representations and assurances, as alleged herein and above, Plaintiff was mistaken in believing that Defendants' Investment Opportunity was safe and his investment with Defendants will only increase in value as the dollar is going to lose strength causing precious metals to increase in value; that Plaintiff would be purchasing precious metals from Defendants at fair market value on the day of purchase; that Plaintiff would be able to sell and/or Defendants would buy back any part or the whole investment of the precious metals at any time, without any penalty, for no less than the same price he purchased them; and that the precious metals would be kept by a third-party on his behalf.

133.   Plaintiff's mistake was not caused by ~~its~~any neglect of a legal duty.

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

92.134.    Defendants knew of Plaintiff's mistaken belief and used thatPlaintiff's mistake to take advantage of Plaintiff by inducing Plaintiff to execute the documents mentioned in this Complaintenter into the Contract to buy into Defendant's Investment Opportunity and to purchase precious metals from Defendants in connection with the Investment Opportunity.

135.  Plaintiff will be substantially damaged shouldIndeed, in August of 2017, in reasonable and justifiable reliance on the agreement not be rescinded because it will severely impactaforementioned representations and assurances by the Defendants, Plaintiff agreed to purchase precious metals from Defendants.  To facilitate Plaintiff's purchase of the precious metals from Defendants, Plaintiff received and signed a one-page Contract from Defendants in order to participate in Defendants' Investment Opportunity, which Plaintiff hereby rescinds the agreementbelieved was based on Defendants' representations and assurances to Plaintiff about Defendants' Investment Opportunity. See Exhibit "1" (i.e., Contract) attached hereto and fully incorporated herein by this reference.

136.  Plaintiff purchased thousands of precious metals, including coins, from Defendants. Plaintiff paid Defendants, based on their invoice dated August 7, 2017, the amount of $367,530.00. Additionally, Plaintiff paid Defendants, based on their invoice dated August 23, 2017, the amount of $94,282.50. See Exhibit "2" (i.e., the two August 2017 invoices) attached hereto and fully incorporated herein by this reference.

FIRST AMENDED COMPLAINT FOR DAMAGES

137.   In or around October 2017, Plaintiff received a statement from Strata Trust Company which reflected the value of his investment with Defendants and seeks restitution of. To Plaintiff's shock and surprise, unlike what he was promised, the value of his investment with Defendants had decreased. Within about two months' time, Plaintiff's $461,812.50 investment with Defendants had lost about $250,000.00 in value.

138.   Defendants later claimed that the terms of Plaintiff's investment with Defendants were different than the terms of Plaintiff's mistaken belief.

139.   Despite Plaintiff's notice to Defendants that the Contract was rescinded and offer to restore to Defendants the precious metals Defendants sold to him on condition that Defendants restore to Plaintiff all of the consideration Plaintiff paid to Defendants for an amount to be proven the precious metals, Defendants refused and continues to refuse to do so.

140.   Notwithstanding the aforementioned notice, Plaintiff intends service of summons of this complaint to serve as notice of rescission of the Contract and hereby offers to restore all consideration furnished by Defendants under said Contract, on condition that Defendants restore to Plaintiff the consideration furnished by Plaintiff.

93.141.   Plaintiff will suffer irreparable and substantial harm if consideration furnished by Plaintiff, with interest thereon, at the time of trial but not less than

FIRST AMENDED COMPLAINT FOR DAMAGES

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

~~$500,000~~maxim legal rate from the date of rescission, is not restored, in that the consideration was Plaintiff's entire life savings.

142.   ~~12~~Moreover, Plaintiff has incurred attorney's fees and costs, all of which Plaintiff is entitled to recover from Defendant in accordance with the terms of the agreements alleged herein or as may be provided by law.

**TWELFTH CAUSE OF ACTION FOR RESCISSION ~~BASED ON MUTUAL MISTAKE~~**

**(~~By~~ BASED ON FRAUD & FRAUDULENT INDUCEMENT**

**(Plaintiff ~~Against~~against All Defendants)**

~~94.~~143.   Plaintiff ~~re-alleges and~~ incorporates ~~herein~~ by reference ~~all~~each and every allegation of the ~~allegations set forth in the preceding~~above paragraphs as though ~~set forth~~ fully ~~set forth~~ herein.

~~95. Plaintiff entered into the agreement with Defendants on the understanding as a stated above. Plaintiff was mistaken in believing what were the terms of the agreement. What defendants later claimed to be the terms of the agreement were different than the terms represented to Plaintiff, and Plaintiff had a different understanding of the terms.~~

~~96. Plaintiff was mistaken in believing. Plaintiff's mistake was not caused by its neglect of a legal duty. Defendants were mutually mistaken in that belief.~~

~~97. Defendants knew of Plaintiff's mistaken belief and used that mistake to take advantage of the Plaintiff by inducing Plaintiff to execute the agreement.~~

~~98. Plaintiff will be substantially damaged should the agreement not be rescinded because it will severely impact Plaintiff. Plaintiff hereby rescinds the agreement with Defendants and seeks~~

Page 55

FIRST AMENDED COMPLAINT FOR DAMAGES

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

KEREDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15ᵗʰ Floor
Los Angeles, CA 90025

~~restitution of all consideration paid to Defendants for an amount to be proven at the time of trial but not less than $500,000.~~

144.   ~~13ᵗʰ~~As alleged herein and above, defendants, Wolan and McCain, including other representatives of Defendants represented and ensured Plaintiff that Defendants' Investment Opportunity was safe and his investment with Defendants will only increase in value as the dollar is going to lose strength causing precious metals to increase in value.  Additionally, Defendants, particularly, defendants, Wolan and McCain, repeatedly represented to Plaintiff that: he would be purchasing precious metals from Defendants at fair market value on the day of purchase; that he would be able to sell and/or Defendants would buy back any part or the whole investment of the precious metals at anytime, without any penalty, for no less than the same price he purchased them; and that the precious metals would be kept by a third-party on his behalf. Based on Defendants repeated representations and assurances, Plaintiff understood that Defendants' Investment Opportunity was safe, risk-free, and that he would have access to his investment funds at any time if he needed money.

145.   In reliance on the repeated representations and assurances by Defendants, particularly, defendants, Wolan and McCain, about Defendants' Investment Opportunity, as set forth herein and above, Plaintiff agreed to purchase precious metals from Defendants.  To facilitate Plaintiff's purchase of the precious metals from Defendants, Plaintiff received and signed a one-page Contract from

Page 56

FIRST AMENDED COMPLAINT FOR DAMAGES

Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt

Defendants in order to participate in Defendants' Investment Opportunity, which Plaintiff believed was based on Defendants' representations and assurances to Plaintiff about Defendants' Investment Opportunity. See Exhibit "1" (i.e., Contract) attached hereto and fully incorporated herein by this reference.

146.  Thereafter, in August of 2017, in reasonable and justifiable reliance on the aforementioned representations and assurances by the Defendants, the Plaintiff purchased thousands of precious metals, including coins, from Defendants. Plaintiff paid Defendants, based on their invoice dated August 7, 2017, the amount of $367,530.00. Additionally, Plaintiff paid Defendants, based on their invoice dated August 23, 2017, the amount of $94,282.50. See Exhibit "2" (i.e., the two August 2017 invoices) attached hereto and fully incorporated herein by this reference.

147.  At the time that Defendants made the aforementioned representations and assurances, Defendants knew that they were false.

148.  Defendants made the aforementioned representations and assurances with the intention to defraud and induce Plaintiff to buy into Defendants' Investment Opportunity and buy precious metals from Defendants as part of the Investment Opportunity.

149.  Plaintiff reasonably and justifiably relied on Defendants' false representations and assurances.

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15ᵗʰ Floor
Los Angeles, CA 90025

150.   Had Plaintiff known the falsity of Defendants' representations and assurances, Plaintiff would not have agreed to buy into Defendants' Investment Opportunity or buy precious metals from Defendants as part of the Investment Opportunity or entered into the aforementioned Contract to effectuate the same.

151.   Despite Plaintiff's notice to Defendants that the Contract was rescinded and offer to restore to Defendants the precious metals Defendants sold to him on condition that Defendants restore to Plaintiff all of the consideration Plaintiff paid to Defendants for the precious metals, Defendants refused and continues to refuse to do so.

152.   Notwithstanding the aforementioned notice, Plaintiff intends service of summons of this complaint to serve as notice of rescission of the Contract and hereby offers to restore all consideration furnished by Defendants under said Contract, on condition that Defendants restore to Plaintiff the consideration furnished by Plaintiff.

153.   As a factual and legal result of Defendant's misconduct, as alleged herein and above, Plaintiff will suffer irreparable and substantial harm if consideration furnished by Plaintiff, with interest thereon at the maxim legal rate from the date of rescission, is not restored, in that the consideration was Plaintiff's entire life savings.

FIRST AMENDED COMPLAINT FOR DAMAGES

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15ᵗʰ Floor
Los Angeles, CA 90025

154.   Additionally, Defendants' conduct was willful and malicious and without regard for the well-being of Plaintiff, thus entitling Plaintiff to an award of punitive damages pursuant to Civ. Code § 3294 in excess of $7,000,000.00.

155.   Moreover, Plaintiff has incurred attorney's fees and costs, all of which Plaintiff is entitled to recover from Defendant in accordance with the terms of the agreements alleged herein or as may be provided by law.

**THIRTEENTH CAUSE OF ACTION FOR RESCISSION** ~~BASED ON FRAUD~~

~~AND FRAUD IN THE INDUCEMENT~~

~~(By~~ **BASED ON NEGLIGENT MISREPRESENTATION**

**(Plaintiff ~~Against~~against All Defendants)**

156.   Plaintiff ~~re-alleges and~~ incorporates ~~herein~~ by reference ~~all~~each and every allegation of the ~~allegations set forth in the preceding~~above paragraphs as though set forth fully herein.

157.   As alleged herein and above, defendants, Wolan and McCain, including other representatives of Defendants represented and ensured Plaintiff that Defendants' Investment Opportunity was safe and his investment with Defendants will only increase in value as the dollar is going to lose strength causing precious metals to increase in value.  Additionally, Defendants, particularly, defendants, Wolan and McCain, repeatedly represented to Plaintiff that: he would be purchasing precious metals from Defendants at fair market value on the day of purchase; that he would

Page 59

be able to sell and/or Defendants would buy back any part or the whole investment of the precious metals at anytime, without any penalty, for no less than the same price he purchased them; and that the precious metals would be kept by a third-party on his behalf. Based on Defendants repeated representations and assurances, Plaintiff understood that Defendants' Investment Opportunity was safe, risk-free, and that he would have access to his investment funds at any time if he needed money.

99.158.    In reliance on the repeated representations and assurances by Defendants, particularly, defendants, Wolan and McCain, about Defendants' Investment Opportunity, as set forth herein and above, Plaintiff agreed to purchase precious metals from Defendants.   To facilitate Plaintiff's purchase of the precious metals from Defendants, Plaintiff received and signed a one-page Contract from Defendants in order to participate in Defendants' Investment Opportunity, which Plaintiff believed was based on Defendants' representations and assurances to Plaintiff about Defendants' Investment Opportunity. See Exhibit "1" (i.e., Contract) attached hereto and fully incorporated herein by this reference.

100.   As it has been pled in this Complaint above, Defendants have committed fraud, misrepresentations, concealment, and fraud in the inducement among many other wrongful acts and omissions.

159.   At the time these representations and promises were made by Defendants and at the time that Plaintiff took the actions herein alleged, including, without limitation, agreeing to enter the

FIRST AMENDED COMPLAINT FOR DAMAGES

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

agreement, Plaintiff was ignorant of the Thereafter, in August of 2017, in reasonable and justifiable reliance on the aforementioned representations and assurances by the Defendants, Plaintiff purchased thousands of precious metals, including coins, from Defendants. Plaintiff paid Defendants, based on their invoice dated August 7, 2017, the amount of $367,530.00. Additionally, Plaintiff paid Defendants, based on their invoice dated August 23, 2017, the amount of $94,282.50. See Exhibit "2" (i.e., the two August 2017 invoices) attached hereto and fully incorporated herein by this reference.

160.   Defendants' representations and assurances to Plaintiff were not true.

161.   While Defendants may have believed their representations and assurances to Plaintiff were true, Defendants had no reasonable grounds for believing the representations and assurances were true when Defendants made them.

162.   Defendants intended that Plaintiff rely on their representations and assurances.

163.   Plaintiff reasonably and justifiably relied on Defendants' representations and assurances.

101.   Had Plaintiff known the falsity of Defendants' representations and promises and believed them to be true.

102.   In justifiable reliance upon Defendants' representation and promises, Plaintiff agreed to execute the agreement and turn over his funds to Defendants. Had Plaintiff known the true factsassurances, Plaintiff would not have executedagreed to buy into Defendants'

Page 61

Investment Opportunity or buy precious metals from Defendants as part of the Investment Opportunity or entered into the agreement and performed as he did.

103.164. Plaintiff will be substantially damaged should aforementioned Contract to effectuate the agreement not be rescinded because it will severely impact the Plaintiff. Plaintiff hereby rescinds the agreement with Defendants and seeks restitution of all consideration paid to Defendants for an amount to be proven at the time of trial but not less than $500,000 same.

165. 14th Despite Plaintiff's notice to Defendants that the Contract was rescinded and offer to restore to Defendants the precious metals Defendants sold to him on condition that Defendants restore to Plaintiff all of the consideration Plaintiff paid to Defendants for the precious metals, Defendants refused and continues to refuse to do so.

166. Notwithstanding the aforementioned notice, Plaintiff intends service of summons of this complaint to serve as notice of rescission of the Contract and hereby offers to restore all consideration furnished by Defendants under said Contract, on condition that Defendants restore to Plaintiff the consideration furnished by Plaintiff.

167. As a factual and legal result of Defendant's misconduct, as alleged herein and above, Plaintiff will suffer irreparable and substantial harm if consideration

FIRST AMENDED COMPLAINT FOR DAMAGES

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15ᵗʰ Floor
Los Angeles, CA 90025

furnished by Plaintiff, with interest thereon at the maxim legal rate from the date of rescission, is not restored, in that the consideration was Plaintiff's entire life savings.

168.   Moreover, Plaintiff has incurred attorney's fees and costs, all of which Plaintiff is entitled to recover from Defendant in accordance with the terms of the agreements alleged herein or as may be provided by law.

**FOURTEENTH CAUSE OF ACTION FOR RESCISSION** ~~BASED ON~~

~~NEGLIGENT MISREPRESENTATION~~,

**BASED ON LACK OF CONSIDERATION** ~~(By~~

**(Plaintiff ~~Against~~ against All Defendants)**

~~104.~~169.   Plaintiff ~~re-alleges and~~ incorporates ~~herein~~ by reference ~~all~~ each and every allegation of the ~~allegations set forth in the preceding~~ above paragraphs as though ~~fully~~ set forth fully herein.

~~105.   Plaintiff is informed and believes, and thereon alleges, that at the time Defendants made the allegations in this Complaint, Defendants had no reasonable ground to believe what they were representing to be true. Defendants made these representations and promises with the intent to deceive and defraud Plaintiff in order to induce Plaintiff to act in reliance on these representations and promises in the manner hereafter alleged or with the expectation that Plaintiff would so act.~~

~~106.   At the time these representations and promises were made by Defendants and at the time that Plaintiff took the actions herein alleged, including, without limitation, agreeing to enter the~~

Page 63

agreement, Plaintiff was ignorant of the falsity As a result of Defendants' representations and promises and believed them to be true.

107. In justifiable reliance breach of contract, fraud, negligent misrepresentation, and fraudulent inducement upon Plaintiff with respect to Defendants' representation and promises, Plaintiff agreed to execute the agreement and acted Investment Opportunity, as he did. Had Plaintiff known the true facts, the Plaintiff would not have executed the agreement.

108. 170.   Plaintiff will be substantially damaged should the agreement not be rescinded because it will severely impact Plaintiff. Plaintiff hereby rescinds the agreement with Defendants and seeks restitution of all alleged herein and above, the consideration paid to Defendants for an amount to be proven at the time of trial but not less than $500,000 for Plaintiffs' obligation completely fails, thereby rendering it entirely void.

171.   15th Despite Plaintiff's notice to Defendants that the Contract was rescinded and offer to restore to Defendants the precious metals Defendants sold to him on condition that Defendants restore to Plaintiff all of the consideration Plaintiff paid to Defendants for the precious metals, Defendants refused and continues to refuse to do so.

172. Notwithstanding the aforementioned notice, Plaintiff intends service of summons of this complaint to serve as notice of rescission of the Contract and hereby offers to restore all consideration furnished by Defendants under said Contract, on condition that Defendants restore to Plaintiff the consideration furnished by Plaintiff.

Page 64

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

173.   As a factual and legal result of Defendant's misconduct, as alleged herein and above, Plaintiff will suffer irreparable and substantial harm if consideration furnished by Plaintiff, with interest thereon at the maxim legal rate from the date of rescission, is not restored, in that the consideration was Plaintiff's entire life savings.

174.   Moreover, Plaintiff has incurred attorney's fees and costs, all of which Plaintiff is entitled to recover from Defendant in accordance with the terms of the agreements alleged herein or as may be provided by law.

**FIFTEENTH CAUSE OF ACTION FOR RESCISSION** ~~BASED ON LACK OF CONSIDERATION~~

**(By BASED ON ILLEGALITY & PUBLIC INTEREST**

**(Plaintiff ~~Against~~ against All Defendants)**

~~109.~~175.   Plaintiff ~~re-alleges and~~ incorporates ~~herein~~ by reference ~~all~~each and every allegation of the ~~allegations set forth in the preceding~~above paragraphs as though ~~fully~~ set forth fully herein.

~~110.   As alleged above, no valuable consideration existed in the transaction, and the purpose of the Defendants was to take away Plaintiff's money. Therefore, the agreement is void for lack of consideration from Defendants to support Plaintiff's obligations, if any.~~

~~111.   Pursuant to Civil Code § 1691, Plaintiff, by multiple communication orally and in writing, and by way of filing and serving this Complaint, hereby notifies Defendants that he rescinds the~~

Page 65

FIRST AMENDED COMPLAINT FOR DAMAGES

KEREDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

agreement due to the lack of consideration to support the agreement. In addition, Plaintiff hereby offers to restore all consideration, if any, furnished to Defendants and demands Defendants do the same for an amount to be proven at the time of trial but not less than $500,000.

**16ᵗʰ CAUSE OF ACTION FOR RESCISSION BASED ON ELDER ABUSE**

**(By Plaintiff Against All Defendants)**

112.   Plaintiff re-alleges and incorporates herein by reference all of the allegations set forth in the preceding paragraphs as though fully set forth herein.

113.   As it has been pled in this Complaint, Defendants have committed elder abuse and any agreement alleged to be four by the Defendants shall be rescinded.

114.   Plaintiff will be substantially damaged should the agreement not be rescinded because it will severely impact the Plaintiff. Plaintiff hereby rescinds the agreement with Defendants and seeks restitution of all consideration paid to Defendants for an amount to be proven at the time of trial but not less than $500,000.

176.   ~17ᵀᴴ~ As a result of Defendants' financial elder abuse, unfair and deceptive business practices, and violation of Penal Code § 496(a) against Plaintiff with respect to Defendants' Investment Opportunity, as alleged herein and above, the Contract alleged herein is unlawful and its enforcement would be prejudicial to the public interest.

177.   Despite Plaintiff's notice to Defendants that the Contract was rescinded and offer to restore to Defendants the precious metals Defendants sold to him on condition that Defendants restore to Plaintiff all of the consideration Plaintiff paid

Page 66

FIRST AMENDED COMPLAINT FOR DAMAGES

Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

to Defendants for the precious metals, Defendants refused and continues to refuse to do so.

178. Notwithstanding the aforementioned notice, Plaintiff intends service of summons of this complaint to serve as notice of rescission of the Contract and hereby offers to restore all consideration furnished by Defendants under said Contract, on condition that Defendants restore to Plaintiff the consideration furnished by Plaintiff.

179. As a factual and legal result of Defendant's misconduct, as alleged herein and above, Plaintiff will suffer irreparable and substantial harm if consideration furnished by Plaintiff, with interest thereon at the maxim legal rate from the date of rescission, is not restored, in that the consideration was Plaintiff's entire life savings.

180. Additionally, Defendants' conduct was willful and malicious and without regard for the well-being of the Plaintiff, thus entitling Plaintiff to an award of punitive damages pursuant to Civ. Code § 3294 in excess of $7,000,000.00.

181. Moreover, Plaintiff has incurred attorney's fees and costs, all of which Plaintiff is entitled to recover from Defendant in accordance with the terms of the agreements alleged herein or as may be provided by law.

## SIXTEENTH CAUSE OF ACTION FOR CANCELLATION OF INSTRUMENTS (CIVIL CODE § 3412)

**(Plaintiff against All Defendants)**

Page 67

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

115.182.   Plaintiff re-alleges and incorporates herein by reference all each and every allegation of the allegations set forth in the preceding above paragraphs as though set forth fully set forth herein.

116.183.   By reason As a result of the mistake, duress, menace Defendants' breach of contract, fraud, or undue influence; the failure of negligent misrepresentation, fraudulent inducement, financial elder abuse, unfair and deceptive business practices, and violation of Penal Code § 496(a) against Plaintiff with respect to Defendants' Investment Opportunity, as alleged herein and above, the consideration for the Plaintiffs' obligation incurrred by Plaintiff; the consideration for the obligation of Plaintiff has become completely fails, thereby rendering the Contract allege herein entirely void; the failure in a material respect of the consideration for the obligation; and/or unlawfulness of the agreement for causes which do not appear in its terms or conditions, the agreement is void, voidable, subject to rescission, and/or otherwise invalid.

117.184.   Plaintiff is under a reasonable apprehension that the agreement Contract may cause serious injury to Plaintiff if left outstanding. Plaintiff is entitled to cancellation of where Defendants have refused and continues to refuse to sell or buy back the agreement precious metals Plaintiff bought from Defendants for the same price Plaintiff paid for them.

118.   Plaintiff is entitled to an order that the agreement be delivered up or canceled.

185.   ~~18th~~Accordingly, Plaintiff requests that the Contract be adjudged as void, voidable, subject to rescission, and/or otherwise invalid and thereby ordered canceled.

186.   Moreover, Plaintiff has incurred attorney's fees and costs, all of which Plaintiff is entitled to recover from Defendant in accordance with the terms of the agreements alleged herein or as may be provided by law.

## SEVENTEENTH CAUSE OF ACTION

## FOR RESTITUTION (UNJUST ENRICHMENT)

### (Plaintiff against All Defendants)

187.   Plaintiff incorporates herein by reference each and every allegation of the above paragraphs as though set forth fully herein.

188.   At all times relevant herein, Plaintiff had an ownership interest in his life savings and retirement funds, including without limitation, all moneys paid to Defendants in connection with Defendant's Investment Opportunity.

189.   Defendants are in possession of all the money Plaintiff paid in connection with Defendant's Investment Opportunity.

190.   Despite multiple demands by Plaintiff for the return of his money, Defendants have refused to pay back the money and continue to hold such money belonging to Plaintiff.

FIRST AMENDED COMPLAINT FOR DAMAGES

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt

191.   As result of Defendants' failure and refusal to pay all moneys belonging to Plaintiff, Defendants, at all times relevant herein, have been and continues to be unjustly enriched at the expense of Plaintiff.

192.   As a factual and legal result of Defendant's misconduct, as alleged herein and above, Plaintiff has been damaged for an amount, in excess of $500,000.00, to be proven at the time of the trial together with the interest thereon. Plaintiff therefore seeks restitution from Defendants.

193.   Moreover, Plaintiff has incurred attorney's fees and costs, all of which Plaintiff is entitled to recover from Defendant in accordance with the terms of the agreements alleged herein or as may be provided by law.

**EIGHTEENTH CAUSE OF ACTION FOR ~~RESCISSION BASED ON UNCONSCIONABILITY~~ ACCOUNTING**

**(~~By~~ Plaintiff ~~Against~~ against All Defendants)**

~~119.   Plaintiff re-alleges and incorporates herein by reference all of the allegations set forth in the preceding paragraphs as though fully set forth herein.~~

~~120.   As it has been pled in this Complaint the agreement is unconscionable for the reasons as stated and shall be rescinded for unconscionability.~~

~~121.   Plaintiff will be substantially damaged should the agreement not be rescinded because it will severely impact the Plaintiff. Plaintiff hereby rescinds the agreement with Defendants and seeks restitution of all consideration paid to Defendants for an amount to be proven at the time of trial but not less than $500,000.~~

Page 70

**[NUMBER 19: REQUEST FOR UNJUST ENRICHMENT**

**(Against All Respondents)**

~~122.~~194.    Plaintiff incorporates herein by reference each and every allegation of the above paragraphs as though set forth fully herein.

~~123.   Defendants have been unjustly enriched as a result of taking the Plaintiff's money. Plaintiff had a different understanding based on what he was told, and thus never consented to the taking. As such, the Defendants are guilty of conversion of the funds they received, as described herein and above, and Defendants continue to refuse and fail to release pay the funds and return the money to the Plaintiff.~~

~~124.   Plaintiff has fully performed all conditions, covenants, and promises on his part to be performed, except in so far as such performance has been prevented by the acts and omissions of Defendants.~~

~~125.   Plaintiff is entitled to recover a sum equal to the reasonable value of the benefits and advantages Decedent and the Trust conferred upon Defendants, and each of them, plus costs and interest at the legal rate from the time Defendants diverted the subject funds to his personal banking accounts.~~

195.   As alleged herein and above, defendants, Wolan and McCain, including other representatives of Defendants represented and ensured Plaintiff that Defendants' Investment Opportunity was safe and his investment with Defendants will only increase in value as the dollar is going to lose strength causing precious metals to increase in value.  Additionally, Defendants, particularly, defendants, Wolan and McCain, repeatedly represented to Plaintiff that: he would be purchasing precious

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

Page 71

FIRST AMENDED COMPLAINT FOR DAMAGES

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

metals from Defendants at fair market value on the day of purchase; that he would be able to sell and/or Defendants would buy back any part or the whole investment of the precious metals at anytime, without any penalty, for no less than the same price he purchased them; and that the precious metals would be kept by a third-party on his behalf. Based on Defendants repeated representations and assurances, Plaintiff understood that Defendants' Investment Opportunity was safe, risk-free, and that he would have access to his investment funds at any time if he needed money.

196.  In reliance on the repeated representations and assurances by Defendants, particularly, defendants, Wolan and McCain, about Defendants' Investment Opportunity, as set forth herein and above, Plaintiff agreed to purchase precious metals from Defendants.  To facilitate Plaintiff's purchase of the precious metals from Defendants, Plaintiff received and signed a one-page Contract from Defendants in order to participate in Defendants' Investment Opportunity, which Plaintiff believed was based on Defendants' representations and assurances to Plaintiff about Defendants' Investment Opportunity. See Exhibit "1" (i.e., Contract) attached hereto and fully incorporated herein by this reference.

197.  Thereafter, in August of 2017, in reasonable and justifiable reliance on the aforementioned representations and assurances by the Defendants, the Plaintiff purchased thousands of precious metals, including coins, from Defendants. Plaintiff paid Defendants, based on their invoice dated August 7, 2017, the

Page 72

FIRST AMENDED COMPLAINT FOR DAMAGES

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

amount of $367,530.00. Additionally, Plaintiff paid Defendants, based on their invoice dated August 23, 2017, the amount of $94,282.50. See Exhibit "2" (i.e., the two August 2017 invoices) attached hereto and fully incorporated herein by this reference.

198. In or around October 2017, Plaintiff received a statement from Strata Trust Company which reflected the value of his investment with Defendants. To Plaintiff's shock and surprise, unlike what he was promised, the value of his investment with Defendants had decreased over $211,000.00. Within about two months' time, Plaintiff's $461,812.50 investment with Defendants had lost about $250,000.00 in value.

199. In light of that, Plaintiff informed the Defendants of his intention to sell the precious metals and for the Defendants to buy them back for the same price Plaintiff paid for them as Defendants had repeatedly promised. Defendants, however, refused to do so and instead told Plaintiff that they could not repurchase them for another three to five years all while continuing to represent to Plaintiff that he had not lost any money because the precious metals that he bought from Defendants were worth as much as he paid for them.

200. Accordingly, Plaintiff demands an accounting of all payments received by Defendants pursuant to the Contract in connection with the aforementioned Investment Opportunity.

Page 73

FIRST AMENDED COMPLAINT FOR DAMAGES

201.   Moreover, Plaintiff has incurred attorney's fees and costs, all of which Plaintiff is entitled to recover from Defendant in accordance with the terms of the agreements alleged herein or as may be provided by law.

**NINETEENTH CAUSE OF ACTION FOR CIVIL RICO – SECTION 1962©**

**(Plaintiff against All Defendants)**

202.   Plaintiff incorporates herein by reference each and every allegation of the above paragraphs as though set forth fully herein.

203.   Corporate Defendants, including defendants, Wolan, McCain, and Sachs (collectively, "RICO Defendants"), comprises an enterprise that is engaged in and whose activities affect interstate commerce. The RICO Defendants are employed by or associated with the enterprise.

204.   RICO Defendants agreed to and did conduct and participate in the conduct of the enterprise's affairs through a pattern of racketeering activity and for the unlawful purpose of intentionally defrauding Plaintiff.

205.   Pursuant to and in furtherance of their fraudulent scheme, RICO Defendants committed the following multiple related acts: RICO Defendants repeatedly represented and assured Plaintiff that: the Investment Opportunity was safe and had no risk of losing money; the Investment Opportunity was safe and his investment with Defendants will only increase in value as the dollar is going to lose strength causing precious metals to increase in value; Plaintiff would be purchasing precious metals from the RICO Defendants at fair market value on the

FIRST AMENDED COMPLAINT FOR DAMAGES

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15ᵗʰ Floor
Los Angeles, CA 90025

Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15ᵗʰ Floor
Los Angeles, CA 90025

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

day of purchase; that Plaintiff would be able to sell and/or RICO Defendants would buy back any part or the whole investment of the precious metals at any time, without any penalty, for no less than the same price Plaintiff purchased them; and that the precious metals would be kept by a third-party on his behalf; when, in fact, Plaintiff's investment with RICO Defendants lost almost all of its value; the RICO Defendants refused and continue to refuse to sell or buy back any of the precious metals Plaintiff bought from RICO Defendants in connection with the Investment Opportunity at the prices Plaintiff bought them from the RICO Defendants.

206.   The acts set forth above constitute a pattern of racketeering activity pursuant to 18 U.S.C. § 1961(5).

207.   The RICO Defendant(s) have directly and indirectly conducted and participated in the conduct of the enterprise's affairs through the pattern of racketeering and activity described above, in violation of 18 U.S.C. § 1962©.

208.   As a factual and legal result of RICO Defendants' racketeering activities and violations of 18 U.S.C. § 1962©, as alleged herein and above, Plaintiff has been damaged for an amount, including treble damages pursuant to 18 U.S.C. § 1964©, in excess of $2,000,000.00, to be proven at the time of the trial together with the interest thereon.

209.   Moreover, Plaintiff has incurred attorney's fees and costs, all of which Plaintiff is entitled to recover from RICO Defendant in accordance with the terms of the

FIRST AMENDED COMPLAINT FOR DAMAGES

Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt

agreements alleged herein or as may be provided by law (e.g., 18 U.S.C. § 1964©).

**TWENTIETH CAUSE OF ACTION FOR CIVIL RICO – SECTION 1962(d)**

**(Plaintiff against All Defendants)**

210.  Plaintiff incorporates herein by reference each and every allegation of the above paragraphs as though set forth fully herein.

211.  As set forth above, the RICO Defendants agreed and conspired to violate 18 U.S.C. § 1962©. Specifically, Defendants have intentionally conspired and agreed to conduct and participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity to perpetrate a fraud on Plaintiff to steal his life savings and retirement funds for the RICO Defendants' own benefit.

212.  The RICO Defendants knew that their predicate acts were part of a pattern of racketeering activity and agreed to the commission of those acts to further the schemes described above. That conduct constitutes a conspiracy to violate 18 U.S.C. § 1962©, in violation of 18 U.S.C. § 1962(d).

213.  As a factual and legal result of RICO Defendants' conspiracy, the overt acts taken in furtherance of that conspiracy, and violations of 18 U.S.C. § 1962(d), as alleged herein and above, Plaintiff has been damaged for an amount, including treble damages pursuant to 18 U.S.C. § 1964©, in excess of $2,000,000, to be proven at the time of the trial together with the interest thereon.

FIRST AMENDED COMPLAINT FOR DAMAGES

214.   Moreover, Plaintiff has incurred attorney's fees and costs, all of which Plaintiff is entitled to recover from RICO Defendant in accordance with the terms of the agreements alleged herein or as may be provided by law (e.g., 18 U.S.C. § 1964©).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for ~~judgment against Defendants~~relief as follows:

~~1.   General damages according to proof but no less than $500,000.00;~~

~~2.   Special damages according to proof but no less than $2,000,000.00;~~

~~3.   Costs of suit incurred herein;~~

1.   That Plaintiff is awarded judgment in this action;

2.   That Plaintiff is awarded compensatory damages, including general damages, special damages, statutory damages, punitive or treble damages, and such other relief as provided by agreement or statutes cited herein and above;

3.   That Plaintiff is awarded compensatory damages, including general damages, special damages, statutory damages, treble damages, and such other relief as provided by the civil RICO remedies cited herein and above;

4.   Pre-judgment ~~Interest at the legal rate;~~

~~5.   Punitive damages for $10,000,000;~~

~~6.   Request for recovery pursuant to the theory of unjust enrichment and for recovery and necessary orders for the Plaintiff to be placed in a position that he had before entering into transactions with the Defendants;~~

Page 77

FIRST AMENDED COMPLAINT FOR DAMAGES

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

7.4.     For permanent injunctions ordering Defendants to stop targeting and abusing the elderly, their unfair business practices, their fraud toward the public, and for such injunctions as may be necessary and just to place the plaintiff in a position he occupied before interacting with the Defendants and to prevent any further injuries to the public. For such further injunction so that the Defendants disclose the truth and have an obligation to disclose the truth to the public; specifically, to disclose their fee in clear language to be signed, and for such further injunction for the Defendants to modify their contract so that the signature is placed after the signer has a chance to review the entire agreement, and that any fee charged will be placed in larger or bold letters so that the signer can understand the fees charged post-judgment interest on such monetary relief;

8.  For such declaratory relief as may be necessary to declare the rights and obligations among the parties pursuant to their agreements including declarations as to the terms of the valid agreement between Plaintiff and the Defendants, and a determination as to what was actually promised and the contractor will obligations of the Defendants to the Plaintiff in this case.

9.  For rescision of any agreement claimed by the Defendants obligating the Plaintiff based upon fraud, misrepresentation, concealment, unconscionability, elder abuse, mistake of fact, defect in contract formation, negligent misconduct, intentional misconduct, fraud in the inducement, civil conspiracy, and such other grounds as a stated in this complaint. Specifically, Plaintiff requests rescision of the alleged agreement based upon which Defendants received money from the Plaintiff, as alleged in this complaint.

10. For an award of costs and expenses of suit incurred herein;

5.  For an award of attorney's fees Equitable relief in the form of an injunction prohibiting the misconduct described herein and above against Plaintiff and all those similarly situated to the extent allowed by law or contract including but;

FIRST AMENDED COMPLAINT FOR DAMAGES

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15ᵗʰ Floor
Los Angeles, CA 90025

6.  Declaratory relief determining the rights and obligations of the parties on any contract that may exist among the parties; a determination that the alleged Agreement of Defendants is null and void; a declaration that only the one page Plaintiff signed is the Contract; that the subsequent pages of the Agreement were never a part of the Agreement; that the arbitration provision of the alleged agreement was not ~~limited to California Welfare & Institution Code § 15657.5;~~agreed to by the Plaintiff, is not applicable, and is null and void; that the Plaintiff never agreed to anything beyond the first page, or alternatively the front and back, as right above the signature of Plaintiff it is stated that the Plaintiff is agreeing only "to the terms set forth on the front and back of this Agreement[.]"; prohibiting the misconduct described herein and above;

7.  The recession of the agreement and all relevant documents for reasons stated above;

~~11.~~8.   For constructive trust over the funds of Plaintiff and all those funds made using the funds of the Plaintiff to the extent allowed by law;

9.  ~~Such other~~An accounting as described herein and above;

10. That Plaintiff is awarded reasonable attorney fees;

11. That Plaintiff is awarded costs of suit incurred herein; and

12. ~~For such other and~~ further relief as ~~this Court~~the court may deem just and proper.

Page 79



1    ##
2    ##
3    ##
4    ##
5    ##
6
7    \\\
8    \\\
9
10
11
12

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues which can be ~~heard~~tried by a jury.

DATED: _____, 2019          KERENDIAN & ASSOCIATES, INC.

BY:_____
~~Craig Cawlfield,~~
~~Attorneys~~_____

By:    Shab D. Kerendian, Esq.,
          Edrin Shamtob, Esq.,
       Counsel for Plaintiff.

Page 80

FIRST AMENDED COMPLAINT FOR DAMAGES

KERENDIAN & ASSOCIATES, INC.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Justified, Right: 0.06"
Formatted: Right: 0.06"
Formatted: Left, Right: 0.06"
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Right: 0.06"
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt
Formatted: Font: 14 pt

**KERENDIAN & ASSOCIATES, INC.**
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

## PROOF OF SERVICE

I, the undersigned, am over age 18, not a party to this action, and am employed in the County of Los Angeles at Kerendian & Associates, Inc., 11755 Wilshire Blvd., 15th Floor, Los Angeles, California 90025. On the date stated below, I served foregoing document(s):

### PLAINTIFF'S APPENDIX OF AMENDED PLEADING

Together with a copy of this Proof of Service, on the following parties and sent as follows:

| Daniel B. Spitzer dspitzer@spitzeresq.com | |
| --- | --- |
| | |

[ ]        **BY MAIL:** By placing a true copy thereof enclosed in a sealed envelope(s) with postage fully prepaid. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service and, in the ordinary course of business, the correspondence would be deposited with the United States Postal Service on the day on which it is collected at the business.

[ ]        **BY FACSIMILE:** I transmitted the document(s) listed above by facsimile transmission to the facsimile number(s) as indicated above. Such transmission was reported as complete without error.

[X ]        **BY EMAIL:** I transmitted the document(s) listed above by email to the email address(es) as indicated below. Such transmission was reported as complete without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on  APRIL 04, 2019 at Los Angeles, California.

_____
Rozita Levy

PLAINTIFF'S APPENDIX OF AMENDED PLEADING