1  LAW OFFICES OF DANIEL B. SPITZER
   DANIEL B. SPITZER State Bar No. 121752
2  16311 Ventura Boulevard Suite 1200
   Encino, California 91436-2152
3  Telephone: 818-990-9700
   Facsimile: 818-990-9705
4  Email: dspitzer@spitzeresq.com

5  Attorneys for Defendants Metals.com

6

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                   **WESTERN DIVISION**

11

12

13  STEPHEN MATTEO, an individual          )   CASE NO. 2:19-cv-01223-JAK-SK
                                           )
14              Plaintiff,                 )
                                           )   [Honorable John A. Kronstadt]
15         vs.                             )
                                           )
16  CHASE METALS SERVICE CORPORATION,      )   **DEFENDANTS' ANSWER TO FIRST**
    a Delaware corporation; METALS.COM, an )   **AMENDED COMPLAINT**
17  unknown entity;   DAVID H. WOLAN, an   )
    individual; LUKE MCCAIN, an individual; )  First Amended Comp. Filed: April 4, 2019
18  JONATHAN SACHS, an individual; CHASE   )
    METALS,  an  unknown  entity;          )
19  CHASEMETALS.COM, an unknown entity;    )
    CHASE METALS, LLC, a Wyoming limited   )
20  liability company; CHASE METALS, INC., a )
    Wyoming corporation; TEM INC., a Wyoming )
21  corporation; and TMTE  INC., a Wyoming )
    corporation,                           )
22                                         )
                Defendants.                )
23  _____    )

24       Defendants TMTE, Inc., a Wyoming corporation ("**TMTE**") and Jonathan Sachs, an

25  individual ("**Sachs**") hereby set forth their answer to the First Amended Complaint ("**FAC**") of

26  plaintiff Stephen Matteo, an individual ("**Matteo**"), by stating and alleging as follows:

27
                                          1
28  _____
         DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

### I. PARTIES

1.   As to the allegations of paragraph 1 of the FAC, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny generally and specifically each and every allegation set forth therein.

2.   As to the allegations of paragraphs 2, 3, 4, 5, 6, 7, 8 and 9 of the FAC, Defendants admit, deny and alleged as follows: The defendants named herein as METALS.COM, an unknown entity, CHASE METALS, an unknown entity, CHASEMETALS.COM, an unknown entity, CHASE METALS, LLC, a Wyoming limited liability company, CHASE METALS, INC., a Wyoming corporation, TEM INC., a Wyoming corporation, and TMTE INC., a Wyoming corporation, are all one entity, TMTE.

    a.   Defendant TMTE is a Wyoming corporation that was originally formed on April 30, 2008 as Access Unlimited, LLC, a Wyoming limited liability company.

    b.   On August 29, 2016, the name of the entity was changed to Chase Metals, LLC, a Wyoming limited liability company.

    c.   On March 18, 2017, Chase Metals, LLC was converted from a limited liability company to a profit corporation. At the same time, its name was changed to Chase Metals, Inc., a Wyoming corporation.

    d.   On July 23, 2018, Chase Metals, Inc.'s name was changed to TEM, Inc., a Wyoming corporation.

    e.   On August 2, 2018, TEM, Inc.'s name was changed to TMTE, Inc., a Wyoming corporation.

    f.   On December 10, 2018, TMTE filed a fictitious business name statement in Los Angeles County for the trade name of Metals.com. On January 28, 2019, TMTE filed a fictitious business name registration with the Wyoming Secretary of State's Business Division for the trade name of Metals.com.

    g.   TMTE's principal place of business is in Beverly Hills, California.

Except as expressly alleged and admitted above, Defendants lack sufficient knowledge or information to form a belief as to paragraphs 2, 3, 4, 5, 6, 7, 8 and 9 of the FAC and, on that basis, deny generally and specifically each and every allegation set forth therein.

3.   As to the allegations of paragraph 10 of the FAC, Defendants admit that defendant David H. Wolan was formerly associated with Defendants as a sales associate. Except as expressly alleged and admitted herein, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 of the FAC and, on the basis, deny generally and specifically each and every allegation set forth therein.

4.   As to the allegations of paragraph 11 of the FAC, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny generally and specifically each and every allegation set forth therein.

5.   Defendants admit the allegations of paragraph 12 of the FAC.

6.   As to the allegations of paragraph 13 of the FAC, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny generally and specifically each and every allegation set forth therein.

7.   As to the allegations of paragraphs 14 and 15 of the FAC, they constitute legal conclusions and argument not requiring a response, but to the extent they are deemed to make any factual allegation, the factual basis for any conclusion is hereby denied.

## JURISDICTION AND VENUE

8.   Defendants incorporate by reference each and every response set forth to paragraphs 1 through 15, inclusive, set forth above, as though fully and completely set forth herein.

9.   As to the allegations of paragraphs 16, 17 and 18 of the FAC, they constitute legal conclusions and argument not requiring a response, but to the extent they are deemed to make any factual allegation, the factual basis for any conclusion is hereby denied.

## PURPORTED FACTS COMMON TO ALL CAUSES OF ACTION

10.   Defendants incorporate by reference each and every response set forth to paragraphs 1

1    through 18, inclusive, set forth above, as though fully and completely set forth herein.

2    11.    As to the allegations of paragraphs 20, 21, 22 and 23 of the FAC, Defendants lack sufficient

3    knowledge or information to form a belief as to the truth of the allegations contained therein

4    and, on that basis, deny generally and specifically each and every allegation set forth therein.

5    12.    As to the allegations of paragraph 24 of the FAC, Defendants admit that Exhibit 1 is a copy

6    of the front page of the Shipping and Transaction Agreement which plaintiff signed and

7    returned to TMTE on or about August 7, 2017. Except as expressly alleged and admitted,

8    Defendants lack sufficient knowledge or information to form a belief as to the truth of the

9    allegations contained therein and, on that basis, deny generally and specifically each and

10   every allegation set forth therein.

11   13.    As to the allegations of paragraph 25 of the FAC, Defendants admit that plaintiff purchased

12   precious metals on or about August 7, 2017 in the sum of $367,530, and on or about August

13   23, 2017, in the sum of $94,282.50, and that Exhibit 2 is comprised of invoices reflecting

14   those purchases. Except as expressly alleged and admitted, Defendants lack sufficient

15   knowledge or information to form a belief as to the truth of the allegations contained therein

16   and, on that basis, deny generally and specifically each and every allegation set forth therein.

17   14.    Defendants deny generally and specifically the allegations of paragraph 26 of the FAC.

18   15.    As to the allegations of paragraph 27 of the FAC, Defendants lack sufficient knowledge or

19   information to form a belief as to the truth of the allegations contained therein and, on that

20   basis, deny generally and specifically each and every allegation set forth therein.

21   16.    As to the allegations of paragraphs 28, 29, 30, 31 and 32 of the FAC, Defendants lack

22   sufficient knowledge or information to form a belief as to the truth of the allegations

23   contained therein and, on that basis, deny generally and specifically each and every allegation

24   set forth therein. Defendants specifically deny that plaintiff has been damaged in any sum

25   whatsoever as a result of any purported wrongdoing by Defendants.

26   17.    As to the allegations of paragraph 33 of the FAC, they constitute legal conclusions and

27

28

argument not requiring a response, but to the extent they are deemed to make any factual allegation, the factual basis for any conclusion is hereby denied.

## FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT

18.    Defendants incorporate by reference each and every response set forth to paragraphs 1 through 33, inclusive, set forth above, as though fully and completely set forth herein.

19.    As to the allegations of paragraphs 35 and 36 of the FAC, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny generally and specifically each and every allegation set forth therein.

20.    As to the allegations of paragraph 37 of the FAC, Defendants admit that plaintiff purchased precious metals on or about August 7, 2017 in the sum of $367,530, and on or about August 23, 2017, in the sum of $94,282.50, and that Exhibit 2 is comprised of invoices reflecting those purchases. Except as expressly alleged and admitted, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny generally and specifically each and every allegation set forth therein.

21.    As to the allegations of paragraph 38 of the FAC, they constitute legal conclusions and argument not requiring a response, but to the extent they are deemed to make any factual allegation, the factual basis for any conclusion is hereby denied.

22.    Defendants deny generally and specifically the allegations of paragraph 39 of the FAC.

23.    As to the allegations of paragraph 40 of the FAC, they constitute legal conclusions and argument not requiring a response, but to the extent they are deemed to make any factual allegation, the factual basis for any conclusion is hereby denied.

24.    Defendants deny generally and specifically the allegations of paragraph 41 of the FAC, and specifically deny that plaintiff has been injured in the sum of $500,000 or any sum whatsoever as a result of any purported wrongdoing by Defendants.

25.    As to the allegations of paragraph 42 of the FAC, they constitute legal conclusions and argument not requiring a response, but to the extent they are deemed to make any factual

1  allegation, the factual basis for any conclusion is hereby denied.

2  **SECOND CAUSE OF ACTION FOR FRAUD**

3  26.  Defendants incorporate by reference each and every response set forth to paragraphs 1
4  through 42, inclusive, set forth above, as though fully and completely set forth herein.

5  27.  As to the allegations of paragraphs 44 and 45 of the FAC, Defendants lack sufficient
6  knowledge or information to form a belief as to the truth of the allegations contained therein
7  and, on that basis, deny generally and specifically each and every allegation set forth therein.

8  28.  As to the allegations of paragraph 46 of the FAC, Defendants admit that plaintiff purchased
9  precious metals on or about August 7, 2017 in the sum of $367,530, and on or about August
10  23, 2017, in the sum of $94,282.50, and that Exhibit 2 is comprised of invoices reflecting
11  those purchases. Except as expressly alleged and admitted, Defendants lack sufficient
12  knowledge or information to form a belief as to the truth of the allegations contained therein
13  and, on that basis, deny generally and specifically each and every allegation set forth therein.

14  29.  Defendants deny generally and specifically the allegations of paragraphs 47, 48, 49 and 50
15  of the FAC.

16  30.  Defendants deny generally and specifically the allegations of paragraph 51 of the FAC, and
17  specifically deny that plaintiff has been injured in the sum of $500,000 or any sum
18  whatsoever as a result of any purported wrongdoing by Defendants.

19  31.  Defendants deny generally and specifically the allegations of paragraph 52 of the FAC, and
20  specifically deny that plaintiff is entitled to an award of punitive damages in the amount or
21  $7,000,000 or any sum whatsoever.

22  32.  As to the allegations of paragraph 53 of the FAC, they constitute legal conclusions and
23  argument not requiring a response, but to the extent they are deemed to make any factual
24  allegation, the factual basis for any conclusion is hereby denied.

25  **THIRD CAUSE OF ACTION FOR NEGLIGENT MISREPRESENTATION**

26  33.  Defendants incorporate by reference each and every response set forth to paragraphs 1

27

28  DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

1     through 53, inclusive, set forth above, as though fully and completely set forth herein.

2   34.   As to the allegations of paragraphs 55 and 56 of the FAC, Defendants lack sufficient

3     knowledge or information to form a belief as to the truth of the allegations contained therein

4     and, on that basis, deny generally and specifically each and every allegation set forth therein.

5   35.   As to the allegations of paragraph 57 of the FAC, Defendants admit that plaintiff purchased

6     precious metals on or about August 7, 2017 in the sum of $367,530, and on or about August

7     23, 2017, in the sum of $94,282.50, and that Exhibit 2 is comprised of invoices reflecting

8     those purchases. Except as expressly alleged and admitted, Defendants lack sufficient

9     knowledge or information to form a belief as to the truth of the allegations contained therein

10     and, on that basis, deny generally and specifically each and every allegation set forth therein.

11   36.   Defendants deny generally and specifically the allegations of paragraphs 58, 59 60, 61 and

12     62 of the FAC.

13   37.   Defendants deny generally and specifically the allegations of paragraph 63 of the FAC, and

14     specifically deny that plaintiff has been injured in the sum of $500,000 or any sum

15     whatsoever as a result of any purported wrongdoing by Defendants.

16   38.   As to the allegations of paragraph 64 of the FAC, they constitute legal conclusions and

17     argument not requiring a response, but to the extent they are deemed to make any factual

18     allegation, the factual basis for any conclusion is hereby denied.

19     **FOURTH CAUSE OF ACTION FOR FRAUDULENT INDUCEMENT**

20   39.   Defendants incorporate by reference each and every response set forth to paragraphs 1

21     through 64, inclusive, set forth above, as though fully and completely set forth herein.

22   40.   As to the allegations of paragraphs 66 and 67 of the FAC, Defendants lack sufficient

23     knowledge or information to form a belief as to the truth of the allegations contained therein

24     and, on that basis, deny generally and specifically each and every allegation set forth therein.

25   41.   As to the allegations of paragraph 68 of the FAC, Defendants admit that plaintiff purchased

26     precious metals on or about August 7, 2017 in the sum of $367,530, and on or about August

27

28

23, 2017, in the sum of $94,282.50, and that Exhibit 2 is comprised of invoices reflecting those purchases. Except as expressly alleged and admitted, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny generally and specifically each and every allegation set forth therein.

42. Defendants deny generally and specifically the allegations of paragraphs 69, 70, 71 and 72 of the FAC.

43. Defendants deny generally and specifically the allegations of paragraph 73 of the FAC, and specifically deny that plaintiff has been injured in the sum of $500,000 or any sum whatsoever as a result of any purported wrongdoing by Defendants.

44. Defendants deny generally and specifically the allegations of paragraph 74 of the FAC, and specifically deny that plaintiff is entitled to an award of punitive damages in the amount or $7,000,000 or any sum whatsoever.

45. As to the allegations of paragraph 75 of the FAC, they constitute legal conclusions and argument not requiring a response, but to the extent they are deemed to make any factual allegation, the factual basis for any conclusion is hereby denied.

## FIFTH CAUSE OF ACTION FOR FINANCIAL ELDER ABUSE

46. Defendants incorporate by reference each and every response set forth to paragraphs 1 through 75, inclusive, set forth above, as though fully and completely set forth herein.

47. As to the allegations of paragraphs 77, 78 and 79 of the FAC, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny generally and specifically each and every allegation set forth therein.

48. As to the allegations of paragraph 80 of the FAC, Defendants admit that plaintiff purchased precious metals on or about August 7, 2017 in the sum of $367,530, and on or about August 23, 2017, in the sum of $94,282.50, and that Exhibit 2 is comprised of invoices reflecting those purchases. Except as expressly alleged and admitted, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

1    and, on that basis, deny generally and specifically each and every allegation set forth therein.

2    49.   As to the allegations of paragraphs 81, 82, 83 and 84 of the FAC, Defendants lack sufficient

3          knowledge or information to form a belief as to the truth of the allegations contained therein

4          and, on that basis, deny generally and specifically each and every allegation set forth therein.

5    50.   Defendants deny generally and specifically the allegations of paragraphs 85 and 86 of the

6          FAC.

7    51.   Defendants deny generally and specifically the allegations of paragraph 87 of the FAC, and

8          specifically deny that plaintiff has been injured in the sum of $500,000 or any sum

9          whatsoever as a result of any purported wrongdoing by Defendants.

10   52.   Defendants deny generally and specifically the allegations of paragraph 88 of the FAC, and

11         specifically deny that plaintiff is entitled to an award of punitive damages in the amount or

12         $7,000,000 or any sum whatsoever.

13   53.   As to the allegations of paragraph 89 of the FAC, they constitute legal conclusions and

14         argument not requiring a response, but to the extent they are deemed to make any factual

15         allegation, the factual basis for any conclusion is hereby denied.

16                        **SIXTH CAUSE OF ACTION FOR CONVERSION**

17   54.   Defendants incorporate by reference each and every response set forth to paragraphs 1

18         through 89, inclusive, set forth above, as though fully and completely set forth herein.

19   55.   As to the allegations of paragraph 91 of the FAC, Defendants lack sufficient knowledge or

20         information to form a belief as to the truth of the allegations contained therein and, on that

21         basis, deny generally and specifically each and every allegation set forth therein.

22   56.   Defendants deny generally and specifically the allegations of paragraph 92 of the FAC.

23   57.   As to the allegations of paragraph 93 of the FAC, Defendants lack sufficient knowledge or

24         information to form a belief as to the truth of the allegations contained therein and, on that

25         basis, deny generally and specifically each and every allegation set forth therein.

26   58.   Defendants deny generally and specifically the allegations of paragraph 94 of the FAC, and

27

28

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

1   specifically deny that plaintiff has been injured in the sum of $500,000 or any sum

2   whatsoever as a result of any purported wrongdoing by Defendants.

3   59.   Defendants deny generally and specifically the allegations of paragraph 95 of the FAC, and

4   specifically deny that plaintiff is entitled to an award of punitive damages in the amount or

5   $7,000,000 or any sum whatsoever.

6   60.   As to the allegations of paragraph 96 of the FAC, they constitute legal conclusions and

7   argument not requiring a response, but to the extent they are deemed to make any factual

8   allegation, the factual basis for any conclusion is hereby denied.

9   **SEVENTH CAUSE OF ACTION FOR COMMON COUNT**

10   **(MONEY HAD AND RECEIVED)**

11   61.   Defendants incorporate by reference each and every response set forth to paragraphs 1

12   through 96, inclusive, set forth above, as though fully and completely set forth herein.

13   62.   As to the allegations of paragraph 98 of the FAC, Defendants admit that plaintiff made two

14   purchases of precious metals. Except as expressly alleged and admitted, Defendants lack

15   sufficient knowledge or information to form a belief as to the truth of the allegations

16   contained therein and, on that basis, deny generally and specifically each and every allegation

17   set forth therein.

18   63.   Defendants deny generally and specifically the allegations of paragraph 99 of the FAC.

19   64.   Defendants deny generally and specifically the allegations of paragraph 100 of the FAC, and

20   specifically deny that plaintiff has been injured in the sum of $500,000 or any sum

21   whatsoever as a result of any purported wrongdoing by Defendants.

22   65.   As to the allegations of paragraph 101 of the FAC, they constitute legal conclusions and

23   argument not requiring a response, but to the extent they are deemed to make any factual

24   allegation, the factual basis for any conclusion is hereby denied.

25   \\\

26   \\\

27

28

## EIGHTH CAUSE OF ACTION FOR UNFAIR AND DECEPTIVE

## BUSINESS PRACTICES CAL. B. & P. §17200 ET SEQ.

66.  Defendants incorporate by reference each and every response set forth to paragraphs 1 through 101, inclusive, set forth above, as though fully and completely set forth herein.

67.  As to the allegations of paragraphs 102, 103, 104 and 105 of the FAC, they constitute legal conclusions and argument not requiring a response, but to the extent they are deemed to make any factual allegation, the factual basis for any conclusion is hereby denied.

68.  Defendants deny generally and specifically the allegations of paragraph 106 of the FAC, and specifically deny that plaintiff has been injured in the sum of $500,000 or any sum whatsoever as a result of any purported wrongdoing by Defendants.

69.  Defendants deny generally and specifically the allegations of paragraph 107 of the FAC, and specifically deny that plaintiff is entitled to an award of punitive damages in the amount or $7,000,000 or any sum whatsoever.

70.  As to the allegations of paragraphs 108 and 109 of the FAC, they constitute legal conclusions and argument not requiring a response, but to the extent they are deemed to make any factual allegation, the factual basis for any conclusion is hereby denied.

## NINTH CAUSE OF ACTION FOR VIOLATION OF PENAL CODE §496(a)

71.  Defendants incorporate by reference each and every response set forth to paragraphs 1 through 109, inclusive, set forth above, as though fully and completely set forth herein.

72.  As to the allegations of paragraphs 111, 112, 113, 114 and 115 of the FAC, they constitute legal conclusions and argument not requiring a response, but to the extent they are deemed to make any factual allegation, the factual basis for any conclusion is hereby denied.

73.  As to the allegations of paragraph 116 of the FAC, Defendants admit that plaintiff purchased precious metals on or about August 7, 2017 in the sum of $367,530, and on or about August 23, 2017, in the sum of $94,282.50, and that Exhibit 2 is comprised of invoices reflecting those purchases. Except as expressly alleged and admitted, Defendants lack sufficient

knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny generally and specifically each and every allegation set forth therein.

74.  As to the allegations of paragraphs 117, 118, 119 and 120 of the FAC, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny generally and specifically each and every allegation set forth therein.

75.  Defendants deny generally and specifically the allegations of paragraph 121 of the FAC, and specifically deny that plaintiff has been injured in the sum of $1,500,000 or any sum whatsoever as a result of any purported wrongdoing by Defendants.

76.  Defendants deny generally and specifically the allegations of paragraph 122 of the FAC, and specifically deny that plaintiff is entitled to an award of punitive damages in the amount or $7,000,000 or any sum whatsoever.

77.  As to the allegations of paragraph 123 of the FAC, they constitute legal conclusions and argument not requiring a response, but to the extent they are deemed to make any factual allegation, the factual basis for any conclusion is hereby denied.

## TENTH CAUSE OF ACTION FOR CIVIL CONSPIRACY

78.  Defendants incorporate by reference each and every response set forth to paragraphs 1 through 123, inclusive, set forth above, as though fully and completely set forth herein.

79.  Defendants deny generally and specifically the allegations of paragraphs 125 and 126 of the FAC.

80.  Defendants deny generally and specifically the allegations of paragraph 127 of the FAC, and specifically deny that plaintiff has been injured in the sum of $500,000 or any sum whatsoever as a result of any purported wrongdoing by Defendants.

81.  Defendants deny generally and specifically the allegations of paragraph 128 of the FAC, and specifically deny that plaintiff is entitled to an award of punitive damages in the amount or $7,000,000 or any sum whatsoever.

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

82. As to the allegations of paragraph 129 of the FAC, they constitute legal conclusions and argument not requiring a response, but to the extent they are deemed to make any factual allegation, the factual basis for any conclusion is hereby denied.

### ELEVENTH CAUSE OF ACTION FOR RESCISSION BASED ON
### UNILATERAL MISTAKE

83. Defendants incorporate by reference each and every response set forth to paragraphs 1 through 129, inclusive, set forth above, as though fully and completely set forth herein.

84. As to the allegations of paragraphs 131, 132 and 133 of the FAC, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny generally and specifically each and every allegation set forth therein.

85. Defendants deny generally and specifically the allegations of paragraph 134 of the FAC.

86. As to the allegations of paragraph 135 of the FAC, Defendants admit that Exhibit 1 is a copy of the front page of the Shipping and Transaction Agreement which plaintiff signed and returned to TMTE on or about August 7, 2017. Except as expressly alleged and admitted, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny generally and specifically each and every allegation set forth therein.

87. As to the allegations of paragraph 136 of the FAC, Defendants admit that plaintiff purchased precious metals on or about August 7, 2017 in the sum of $367,530, and on or about August 23, 2017, in the sum of $94,282.50, and that Exhibit 2 is comprised of invoices reflecting those purchases. Except as expressly alleged and admitted, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny generally and specifically each and every allegation set forth therein.

88. As to the allegations of paragraphs 137, 138 and 139, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny generally and specifically each and every allegation set forth therein.

89.  As to the allegations of paragraphs 140, 141 and 142 of the FAC, they constitute legal conclusions and argument not requiring a response, but to the extent they are deemed to make any factual allegation, the factual basis for any conclusion is hereby denied.

## TWELFTH CAUSE OF ACTION FOR RESCISSION
## BASED ON FRAUD & FRAUDULENT INDUCEMENT

90.  Defendants incorporate by reference each and every response set forth to paragraphs 1 through 142, inclusive, set forth above, as though fully and completely set forth herein.

91.  As to the allegations of paragraph 144 of the FAC, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny generally and specifically each and every allegation set forth therein.

92.  As to the allegations of paragraph 145 of the FAC, Defendants admit that Exhibit 1 is a copy of the front page of the Shipping and Transaction Agreement which plaintiff signed and returned to TMTE on or about August 7, 2017. Except as expressly alleged and admitted, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny generally and specifically each and every allegation set forth therein.

93.  As to the allegations of paragraph 146 of the FAC, Defendants admit that plaintiff purchased precious metals on or about August 7, 2017 in the sum of $367,530, and on or about August 23, 2017, in the sum of $94,282.50, and that Exhibit 2 is comprised of invoices reflecting those purchases. Except as expressly alleged and admitted, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny generally and specifically each and every allegation set forth therein.

94.  As to the allegations of paragraph 147, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny generally and specifically each and every allegation set forth therein.

95.  Defendants deny generally and specifically the allegations of paragraph 148 of the FAC.

96.   As to the allegations of paragraphs 149 and 150, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny generally and specifically each and every allegation set forth therein.

97.   As to the allegations of paragraphs 151 and 152 of the FAC, they constitute legal conclusions and argument not requiring a response, but to the extent they are deemed to make any factual allegation, the factual basis for any conclusion is hereby denied.

98.   As to the allegations of paragraph 153 of the FAC, Defendants deny generally and specifically that plaintiff suffered any damages whatsoever as a result of any purported wrongdoing by Defendants.

99.   Defendants deny generally and specifically the allegations of paragraph 154 of the FAC, and specifically deny that plaintiff is entitled to an award of punitive damages in the amount or $7,000,000 or any sum whatsoever.

100.  As to the allegations of paragraph 155 of the FAC, they constitute legal conclusions and argument not requiring a response, but to the extent they are deemed to make any factual allegation, the factual basis for any conclusion is hereby denied.

## THIRTEENTH CAUSE OF ACTION FOR RESCISSION
## BASED ON NEGLIGENT MISREPRESENTATION

101.  Defendants incorporate by reference each and every response set forth to paragraphs 1 through 156, inclusive, set forth above, as though fully and completely set forth herein.

102.  As to the allegations of paragraph 157 of the FAC, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny generally and specifically each and every allegation set forth therein.

103.  As to the allegations of paragraph 158 of the FAC, Defendants admit that Exhibit 1 is a copy of the front page of the Shipping and Transaction Agreement which plaintiff signed and returned to TMTE on or about August 7, 2017. Except as expressly alleged and admitted, Defendants lack sufficient knowledge or information to form a belief as to the truth of the

1    allegations contained therein and, on that basis, deny generally and specifically each and
2    every allegation set forth therein.

3    104.  As to the allegations of paragraph 159 of the FAC, Defendants admit that plaintiff purchased
4    precious metals on or about August 7, 2017 in the sum of $367,530, and on or about August
5    23, 2017, in the sum of $94,282.50, and that Exhibit 2 is comprised of invoices reflecting
6    those purchases. Except as expressly alleged and admitted, Defendants lack sufficient
7    knowledge or information to form a belief as to the truth of the allegations contained therein
8    and, on that basis, deny generally and specifically each and every allegation set forth therein.

9    105.  As to the allegations of paragraph 160 and 161, Defendants lack sufficient knowledge or
10   information to form a belief as to the truth of the allegations contained therein and, on that
11   basis, deny generally and specifically each and every allegation set forth therein.

12   106.  Defendants deny generally and specifically the allegations of paragraph 162 of the FAC.

13   107.  As to the allegations of paragraphs 163 and 164, Defendants lack sufficient knowledge or
14   information to form a belief as to the truth of the allegations contained therein and, on that
15   basis, deny generally and specifically each and every allegation set forth therein.

16   108.  As to the allegations of paragraphs 165 and 166 of the FAC, they constitute legal conclusions
17   and argument not requiring a response, but to the extent they are deemed to make any factual
18   allegation, the factual basis for any conclusion is hereby denied.

19   109.  As to the allegations of paragraph 167 of the FAC, Defendants deny generally and
20   specifically that plaintiff suffered any damages whatsoever as a result of any purported
21   wrongdoing by Defendants.

22   110.  As to the allegations of paragraph 168 of the FAC, they constitute legal conclusions and
23   argument not requiring a response, but to the extent they are deemed to make any factual
24   allegation, the factual basis for any conclusion is hereby denied.

25   \\\
26   \\\
27
28

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

## FOURTEENTH CAUSE OF ACTION FOR RESCISSION
## BASED ON LACK OF CONSIDERATION

111.   Defendants incorporate by reference each and every response set forth to paragraphs 1 through 168, inclusive, set forth above, as though fully and completely set forth herein.

112.   As to the allegations of paragraphs 170 of the FAC, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny generally and specifically each and every allegation set forth therein.

113.   As to the allegations of paragraphs 171, 172, 173 and 174 of the FAC, they constitute legal conclusions and argument not requiring a response, but to the extent they are deemed to make any factual allegation, the factual basis for any conclusion is hereby denied.

## FIFTEENTH CAUSE OF ACTION FOR RESCISSION
## BASED ON ILLEGALITY & PUBLIC INTEREST

114.   Defendants incorporate by reference each and every response set forth to paragraphs 1 through 174, inclusive, set forth above, as though fully and completely set forth herein.

115.   As to the allegations of paragraphs 176, 177 and 178 of the FAC, they constitute legal conclusions and argument not requiring a response, but to the extent they are deemed to make any factual allegation, the factual basis for any conclusion is hereby denied.

116.   As to the allegations of paragraph 179 of the FAC, Defendants deny generally and specifically that plaintiff suffered any damages whatsoever as a result of any purported wrongdoing by Defendants.

117.   Defendants deny generally and specifically the allegations of paragraph 180 of the FAC, and specifically deny that plaintiff is entitled to an award of punitive damages in the amount or $7,000,000 or any sum whatsoever.

118.   As to the allegations of paragraph 181 of the FAC, they constitute legal conclusions and argument not requiring a response, but to the extent they are deemed to make any factual allegation, the factual basis for any conclusion is hereby denied.

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

## SIXTEENTH CAUSE OF ACTION FOR CANCELLATION OF
## INSTRUMENTS (CIVIL CODE §3412)

119.   Defendants incorporate by reference each and every response set forth to paragraphs 1 through 181, inclusive, set forth above, as though fully and completely set forth herein.

120.   As to the allegations of paragraphs 183, 184, 185 and 186 of the FAC, they constitute legal conclusions and argument not requiring a response, but to the extent they are deemed to make any factual allegation, the factual basis for any conclusion is hereby denied.

## SEVENTEENTH CAUSE OF ACTION
## FOR RESTITUTION (UNJUST ENRICHMENT)

121.   Defendants incorporate by reference each and every response set forth to paragraphs 1 through 186, inclusive, set forth above, as though fully and completely set forth herein.

122.   As to the allegations of paragraph 188 of the FAC, they constitute legal conclusions and argument not requiring a response, but to the extent they are deemed to make any factual allegation, the factual basis for any conclusion is hereby denied.

123.   Defendants deny generally and specifically the allegations of paragraph 189 of the FAC.

124.   As to the allegations of paragraph 190 of the FAC, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, deny generally and specifically each and every allegation set forth therein.

125.   As to the allegations of paragraph 191 of the FAC, they constitute legal conclusions and argument not requiring a response, but to the extent they are deemed to make any factual allegation, the factual basis for any conclusion is hereby denied.

126.   As to the allegations of paragraph 192 of the FAC, Defendants deny generally and specifically that plaintiff suffered damages in the sum of $500,000 or any sum whatsoever as a result of any purported wrongdoing by Defendants.

127.   As to the allegations of paragraph 193 of the FAC, they constitute legal conclusions and argument not requiring a response, but to the extent they are deemed to make any factual

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

1       allegation, the factual basis for any conclusion is hereby denied.

2       <u>**EIGHTEENTH CAUSE OF ACTION FOR ACCOUNTING**</u>

3   128.  Defendants incorporate by reference each and every response set forth to paragraphs 1

4       through 193, inclusive, set forth above, as though fully and completely set forth herein.

5   129.  As to the allegations of paragraph 195 of the FAC, they constitute legal conclusions and

6       argument not requiring a response, but to the extent they are deemed to make any factual

7       allegation, the factual basis for any conclusion is hereby denied.

8   130.  As to the allegations of paragraph 196 of the FAC, Defendants admit that Exhibit 1 is a copy

9       of the front page of the Shipping and Transaction Agreement which plaintiff signed and

10      returned to TMTE on or about August 7, 2017. Except as expressly alleged and admitted,

11      Defendants lack sufficient knowledge or information to form a belief as to the truth of the

12      allegations contained therein and, on that basis, deny generally and specifically each and

13      every allegation set forth therein.

14  131.  As to the allegations of paragraph 197 of the FAC, Defendants admit that plaintiff purchased

15      precious metals on or about August 7, 2017 in the sum of $367,530, and on or about August

16      23, 2017, in the sum of $94,282.50, and that Exhibit 2 is comprised of invoices reflecting

17      those purchases. Except as expressly alleged and admitted, Defendants lack sufficient

18      knowledge or information to form a belief as to the truth of the allegations contained therein

19      and, on that basis, deny generally and specifically each and every allegation set forth therein.

20  132.  As to the allegations of paragraph 198 of the FAC, Defendants lack sufficient knowledge or

21      information to form a belief as to the truth of the allegations contained therein and, on that

22      basis, deny generally and specifically each and every allegation set forth therein.

23  133.  As to the allegations of paragraph 199 of the FAC, Defendants lack sufficient knowledge or

24      information to form a belief as to the truth of the allegations contained therein and, on that

25      basis, deny generally and specifically each and every allegation set forth therein.

26  134.  Defendants deny generally and specifically the allegations of paragraph 200 of the FAC.

27

28
DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

135.    As to the allegations of paragraph 201 of the FAC, they constitute legal conclusions and argument not requiring a response, but to the extent they are deemed to make any factual allegation, the factual basis for any conclusion is hereby denied.

### NINETEENTH CAUSE OF ACTION FOR CIVIL RICO - SECTION 1962(c)

136.    Defendants incorporate by reference each and every response set forth to paragraphs 1 through 201, inclusive, set forth above, as though fully and completely set forth herein.

137.    Defendants deny generally and specifically the allegations of paragraphs 203, 204, 205, 206 and 207 of the FAC.

138.    As to the allegations of paragraph 208 of the FAC, Defendants deny generally and specifically that plaintiff suffered damages in the amount of $2,000,000 or any amount whatsoever as a result of any purported wrongdoing by Defendants, and further deny generally and specifically that plaintiff is entitled to an award of any damages whatsoever, including without limitation treble damages, as a result of any purported wrongdoing

139.    As to the allegations of paragraph 209 of the FAC, they constitute legal conclusions and argument not requiring a response, but to the extent they are deemed to make any factual allegation, the factual basis for any conclusion is hereby denied.

### TWENTIETH CAUSE OF ACTION FOR CIVIL RICO - SECTION 1962(d)

140.    Defendants incorporate by reference each and every response set forth to paragraphs 1 through 209, inclusive, set forth above, as though fully and completely set forth herein.

141.    Defendants deny generally and specifically the allegations of paragraphs 211 and 212 of the FAC.

142.    As to the allegations of paragraph 213 of the FAC, Defendants deny generally and specifically that plaintiff suffered damages in the amount of $2,000,000 or any amount whatsoever as a result of any purported wrongdoing by Defendants, and further deny generally and specifically that plaintiff is entitled to an award of any damages whatsoever, including without limitation treble damages, as a result of any purported wrongdoing

143.   As to the allegations of paragraph 214 of the FAC, they constitute legal conclusions and argument not requiring a response, but to the extent they are deemed to make any factual allegation, the factual basis for any conclusion is hereby denied.

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim for Relief)

144.   The complaint, and each purported claim for relief set forth therein as against these answering defendants, fail to state facts sufficient to constitute a cause of action under applicable law.

## SECOND AFFIRMATIVE DEFENSE

(Estoppel)

145.   Plaintiff's complaint, and each claim for relief set forth therein as against these answering defendants, are barred by the  doctrine of estoppel.

## THIRD AFFIRMATIVE DEFENSE

(Waiver)

146.   Plaintiff's complaint, and each claim for relief set forth therein as against these answering defendants, are barred by the doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE

(Offsets)

147.   Plaintiff's complaint, and each claim for relief set forth therein as against these answering defendants, are subject to offsets claimed by the defendants.

## FIFTH AFFIRMATIVE DEFENSE

(Unclean Hands)

148.   Plaintiff's complaint, and each claim for relief set forth therein as against these answering defendants, are barred by the doctrine of unclean hands.

\\\

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

## SIXTH AFFIRMATIVE DEFENSE

### (Defendants' Performance Excused by Plaintiffs' Breach)

149.   The complaint and each claim for relief stated therein as against these answering defendants fails to state causes of action because the purported acts and/or omissions of defendants alleged therein were excused or justified by the prior breach of Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

### (Plaintiff's Acts and/or Omissions)

150.   Plaintiff's losses and/or damages, if any there were, as alleged in the complaint and each claim for relief stated therein were caused by and contributed to by the acts and omissions of plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

151.   Plaintiff's complaint and each claim for relief set forth therein are barred by the actions of plaintiff, who has failed to mitigate, in whole or in part, his alleged damages, if any.

## NINTH AFFIRMATIVE DEFENSE

### (Acts and/or Omissions of Third Parties)

152.   Plaintiff's losses and/or damages, if any there were, as alleged in the complaint and each claim for relief stated therein were caused by and contributed to by the acts and omissions of third parties.

## TENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

153.   The complaint and each claim for relief set forth therein are barred by relevant statutes of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Arbitration Agreement)

154.   This action must be brought before ADR Services, Inc., pursuant to the contract between the

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

1  parties, which requires that any action arising therefrom be brought in the arbitration forum

2  designated in the contract.

3  ### TWELFTH AFFIRMATIVE DEFENSE

4  (Privilege)

5  155.  Plaintiff's complaint and each claim for relief set forth therein are barred because Defendants

6  have not engaged in any unlawful, unfair or fraudulent business practices and Defendants'

7  conduct was proper and lawful.

8

9

10  WHEREFORE, defendants and each of them pray for judgment in their favor as follows:

11  1.  That the Complaint of plaintiffs and each of them, and each purported claim for relief set

12  forth therein, be dismissed with prejudice;

13  2.  For costs of suit in this action;

14  3.  For attorneys' fees and costs, as permitted by the law; and

15  4.  For such other and further relief as this court deems just and appropriate.

16

17

18  Dated:       May 14, 2019                   LAW OFFICES OF DANIEL B. SPITZER

19

20

21  By: _____

22  Daniel B. Spitzer
   Attorneys for Plaintiff and Cross-Defendants

23  CHASE METALS, INC., LUCAS ASHER
   and SIMON BATASHVILI

24

25

26

27
                                 23
28  _____
   DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

  I am employed in the County of Los Angeles, State of California. I am over the age of 18, and not a party to the within action.  My business address and place of employment is LAW OFFICES OF DANIEL B. SPITZER, 16311 Ventura Boulevard, Suite 1200, Encino, California  91436-2152.

  On the date set forth below, I served the document(s) described as:

### DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

[X] by placing [ ] the original  [X] a true copy thereof enclosed in a sealed envelope addressed as follows:

Shab D. Kerendian, Esq.
Edrin Shamtob, Esq.
Kerendian & Associates, Inc.
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025

[X] VIA MAIL

  [ ] I deposited such envelope(s) in the mail at Encino, California.  The envelope was mailed with postage thereon fully prepaid.

  [ X ] As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Encino, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]  MESSENGER delivered such envelope(s) by hand to the office(s) of the addressee(s).

[X ]  STATE   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ]  FEDERAL  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on May 14, 2019, at Encino, California.

_____
DANIEL B. SPITZER